15650

BINNICKER v. ADDEN *ET AL.*

(30 S. E. (2d), 142)

December, 1943.

*Mr. L. A. Hutson,* of Orangeburg, S. C., Counsel for Appellant,

*Messrs. Zeigler & Brailsford,* of Orangeburg, S. C., Counsel for Respondents,

May 11, 1944.

Mr. Associate Justice Stukes delivered the majority Opinion of the Court:

The appeal is from an order sustaining a demurrer to the complaint. The latter contained allegations that defendants owned a block of store buildings in the business district of the city of Orangeburg which were set back about six feet from the sidewalk, the intervening strip of land being the property of the defendants.

Over this strip defendants constructed separate cement walkways to each of the stores, about three feet wide, which slanted up to the entrances to the buildings, which three-foot cement entrance walkways were used by the public for access to the stores, and by the merchants occupying the latter.

It was further alleged that the plaintiff undertook on March 6, 1943 to enter one of the stores to purchase groceries and as she stepped from the sidewalk to the cement walkway leading to that store, which defendant had constructed for the purpose, her foot was caught in a hole where the cement had broken and had been removed, and she suffered painful injuries. Further it was stated in the complaint that the walkway was constructed too thin and, after use, cracked and, in effect, disintegrated.

In the seventh paragraph it was alleged that defendants knew of this condition of disrepair and unsafety and that it was dangerous for the public and the plaintiff to try to use it, but, quoting, "that regardless of such knowledge, the defendants continue to invite, hold out and permit, the said walkway to be used in said dangerous condition;" then, in the eighth paragraph, that the said actions of the defendants were negligent, willfull, without regard to the rights of the plaintiff and the public, wherefore plaintiff was damaged in the sum of $1,500.00.

The defendants demurred upon several separately stated grounds, the gravamen of which was that the complaint failed to allege any legal duty owed by the defendants to the plaintiff, the breach of which gave rise to her alleged damages, and (paragraph III of the demurrer) that it appeared from the complaint that the walkway on which plaintiff was injured was a part of the premises rented by the defendants to the tenant who used it as such; and that no covenant by defendants to repair was alleged, which latter however would not be sufficient to give rise to an action by plaintiff for the injuries alleged.

The order whereby the demurrer was sustained states the issue as follows: "By the demurrer, the defendants raise the issue as to the right of the plaintiff to sue them as owners of the leased property." This statement of the issue shows that it was assumed by the court that the cement walkway whereon plaintiff was injured was a part of the leased prop-

erty. It is further stated in the order, with reference to the defendants, as follows:

"They own the interior and the exterior of the rented premises, but it is all in the exclusive possession of the tenant and his customers, and the tenant alone is liable for the negligent lack of care of the property which is all under his control, and is not subject to the control of the defendants in any legal sense."

The foregoing excerpts from the order under appeal show that the court really decided what it deemed to be the issue on demurrer by findings of fact, which course was improper. A demurrer raises legal issues, admitting the allegations and proper factual inferences of the pleading against which it is taken. S. C. cases in 27 S. E. Dig., p. 265 and pocket part, Pleading, Key 214(4). Liberal construction of the complaint in this action, required under our procedure, 1942 Code, Sec. 477, discloses allegations of fact which are fairly susceptible of the inference that the defendants had not leased the walkway upon which plaintiff was injured. It was alleged that the stores had been constructed and leased and that the walkways were at the front of them and had been constructed on their property by the defendants for the use of their tenants and the public for access to the store buildings. Other pertinent allegations of the complaint are stated hereinabove.

The fact referred to, whether the offending walkway was or was not leased to the tenant as a part or appurtenance of the store building, is ordinarily controlling of the rights of the parties to the action and in view of the contents of the complaint, liberally construed in favor of plaintiff, there was error in undertaking to decide this controlling fact upon demurrer. 16 R. C. L., 1072; 20 R. C. L., 73; 32 Am. Jur., 568; annotations in L. R. A., 1916-F, 1118; 11 A. L. R., 109; 25 A. L. R., 1279-80; and 39 A. L. R., 295-6.

The latter annotations and their supplements (75 A. L. R., 160 and 97 A. L. R., 224) relate in the main to the well-known liability of a landlord for the maintenance of a facility for the common use of several tenants but all of such cases depend upon the test here applied,—whether the landlord has retained possession and control of the offending premises. An example of this extensive line of cases is our own *Medlock v. McAlister,* 120 S. C., 65, 112 S. E., 436, involving an elevator in the common use of several tenants.

The tenant alone might be liable for the negligent repair alleged if the walkway in this case was included in the rental agreement, but if the landlords retained control and possession of it, the complaint states a cause of action against them. Such, in effect, was said by Acting Associate Justice J. Henry Johnson in his excellent opinion for this court in *Timmons v. Williams Corp.,* 164 S. C., 361, 162 S. E., 329, 333, as follows: "Because possession and control are reserved unto the lessor, the law implies an obligation, creates a legal duty, to keep the same in repair, and to operate it properly. This is in accord with the general rule that there is an implied duty on the part of the landlord to keep in repair all portions of demised premises of which he reserves possession and control for the common use of several tenants, and is peculiarly applicable to halls, stairways, elevators, and other approaches of which no particular tenant has exclusive possession and control. 36 C. J., 212, 213."

The closest case in facts to that in hand which we have found is referred to in 97 A. L. R., 223, as follows: "In *Hurlburt v. Sherman,* 1933, 116 Conn., 102, 163 A., 603, where a building on a street corner contained two stores with concrete walks leading to both stores from the public sidewalk, and the owner contended that he had no control over the walks and that they were not in common use by a number of tenants, the court ruled that, whether the walk on which a store customer slipped and fell was under the land-

lord's control was a question of fact, and that the jury might well have found (it having allowed damages) that all the space between the building and the sidewalk was used as a common approach to both of the stores."

Similarly, the instant case does not depend on the common use of the walkway by defendants' several tenants for such is not alleged, but upon the underlying or key fact of whether the defendants, the landlords, retained in their possession, and under their control, the allegedly negligently defective walkway.

Volume 2, Restatement of the Law of Torts, p. 976, Section 360, states the applicable rule in the following language:

"A possessor of land, who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sub-lessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

The judgment is reversed and the demurrer overruled, with leave to defendants to answer within twenty days after the filing of the remittitur in the office of the clerk of the lower court.

Reversed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.

MR. CHIEF JUSTICE BAKER (dissenting):

I respectfully dissent from the opinion of Mr. Justice Stukes, and adopt the order of the Circuit Court, which will be reported after deleting the first sentence therein, and the paragraph at folio 27 of the Transcript of Record; and correctly citing the case of *Pendarvis v. Wannamaker*, 173

S. C., 299, 175 S. E., 531, appearing immediately above the deleted paragraph.

The Circuit Decree of Judge Gaston, directed to be reported in the Dissenting Opinion of MR. CHIEF JUSTICE BAKER, follows:

Briefly stated, the complaint alleges that the defendants own a certain store room in the City of Orangeburg and that the front of the store room in question is about six feet from the sidewalk of Russell Street, and that the strip of land between the building and the sidewalk is the property of the defendants.

The complaint further alleges that the defendants constructed a cement walkway, about three feet wide, from the sidewalk to the store room, for the public to use to go into the store to trade and purchase goods of the tenant merchant therein; and that the store room, owned by the defendants. was constructed to let and lease for business purposes to merchants who deal with the public.

The complaint then alleges that the plaintiff started into the store room to buy groceries from the merchant, operating a grocery business in one of the stores that was let to him by the defendants for such purpose. She claims that she was injured by a defect and hole in the walkway, constructed by the defendants, which was dangerous and unsafe for the public and the said merchant to use, and became thin and cracked, after it had been used by the public and the merchant for some time, and the hole or broken place in which she stepped as she was using the said walkway was where a portion of the broken walk was taken up. It is also alleged that the defendants knew of the unsafe condition and continued to invite and permit said walkway to be so used, and it is alleged that the defendants were negligent, etc.

By the demurrer, the defendants raise the issue as to the right of the plaintiff to sue them as owners of the leased property. The defendants cite several South Carolina cases in regard to the liability or non-liability of the landlord to

the tenant for injury due to a defect in the leased premises. I do not regard the cases cited as directly in point. It is necessary therefore to refer to the law of the land and to the decisions of other courts.

The general rule in regard to the liability of the landlord to third persons for injuries sustained by them is as follows, to wit: (1) Where there is neither privity of estate, nor privity of contract, the landlord is not liable for such damages; (2) Unless by invitation, express or implied, he induces them to come upon the premises. In such 'cases, the liability of the landlord is not contractual, but based upon some breach of duty. It must be shown that he has done, or failed to do, some act which from his legal relations to the property constituted a breach of duty to the public or to the injured party. It is the tenant's duty to exercise due care to his own customers. The landlord is liable to third persons for a defective condition of premises only when such are due to the (1) faulty or defective construction of the premises, (2) or because of a continuing nuisance thereon, (3) or where the landlord retains control over the premises or a part thereof where the injury occurred, such as a common passageway to this and other property, or an elevator. 24 Cyc., page 1124, under Landlord & Tenant.

Consequently, other courts have held that the landlord is not liable in tort for negligence for an injury due to the defective condition of his premises, if the plaintiff fails to show (or allege) that the landlord had the supervision and control over that portion of the premises where the defect was located. *Blanchard v. Stones, Inc.,* 304 Mass., 634, 24 N. E. (2d), 688.

That case also holds that the occupant, and not the landlord, is ordinarily liable for injuries sustained by a pedestrian upon the highway that were caused by a defect in that portion of the premises included within the demise to the tenant where the premises *did not contain a nuisance* (italics added)

at the time they were let or where the contemplated use by the tenant will result in the creation of a nuisance.

To the same general tenor, see the following cases and authorities, to wit: *Shepard v. Worcester, etc.,* 304 Mass., 220, 23 N. E. (2d), 119; *Woods v. Lawndale, etc.,* 302 Ill. App., 570, 24 N. E. (2d), 193; Vol. 32, Am. Juris., Landlord & Tenant, Secs., 662, 817; Vol. 16, R. C. L., Secs. 584 to 587, both inclusive; also Sec. 588, *et seq.*; L. R. A., 1916-F, page 1124 note and page 1142 note; *Timmons v. Williams Wood, etc.,* 162 S. E., 329, 164 S. C., 361; *Pendarvis v. Wannamaker,* 173 S. C., 299, 175 S. E., 531.

However, the allegations of the complaint fail to allege any facts to bring the case within the rule stated. Clearly, it is plain that the alleged walkway is not used in common by the landlord and his other tenants, or either of them; on the contrary, each store room is alleged to have a separate entranceway for its own use, exclusively for the benefit of the occupant of the store and his customers. It does not add any force to the alleged liability to say that the defendants own the walkway, since the defendants also own the store room as well. They own the interior and the exterior of the rented premises, but it is all in the exclusive possession of the tenant and his customers, and the tenant alone is liable for the negligent lack of care of the property which is all under his control, and is not subject to the control of the defendants in any legal sense. Also, there is no claim that the defendants have permitted a nuisance to exist on the property. By way of illustration, the landlord might be liable in a tort suit for damages caused by an open, neglected disused well upon his property, although the property be rented out to another, on the ground of its being a nuisance, in existence when the property was so leased.

I am satisfied that this present tort action cannot be maintained and that the demurrer to the complaint must be, and hereby is, sustained.

Be it so ordered.