16628

MULLINAX v. GREAT ATLANTIC & PACIFIC TEA CO.
(70 S. E. (2d) 911)

*Messrs. Price & Poag,* of Greenville, *for Appellant,* cite:

*Messrs John Bolt Culbertson* and *Richard J. Foster,* of Greenville, *for Respondent,* cite:

May 19, 1952.

TAYLOR, Justice.

Respondent while shopping for groceries in appellant's place of business in Greenville, South Carolina, on April 1, 1950, suffered a fall by having her feet slip from under her, as a result of which she was awarded the sum of $6,000.00 by a jury in the Court of Common Pleas for Greenville County. Timely motions were made for nonsuit, directed verdict, new trial and judgment *Non Obstante Veredicto,* all of which were refused.

The principal question to be decided in this appeal is whether or not there was sufficient evidence of negligence on the part of appellant to require submission of the case to the jury.

A short while prior to the time the respondent received her injuries, a third party while shopping in a manner similar to that of respondent, accidentally

dropped and broke a pint bottle of Wesson Oil. Appellant's employees were aware of the incident at the time and took steps to correct. the hazard presented by the oil being upon the floor which was described as a tile especially suited for this type of business. Mops, both wet and dry, were used and since the area affected was at the entrance to one of five checking out counters, this counter was closed for the time being. A short while thereafter, the exact time being in dispute, this area was pronounced safe and customers invited to use this alley or counter for the purpose of checking and paying for their groceries. Some few persons passed over this area immediately prior to the respondent, but respondent upon reaching the area where the oil had been spilled, slipped and was thrown violently to the floor receiving such injury to the lower spine that surgery was necessary. Appellant contends that the floor having been mopped was in an entirely dry and safe condition. While there is testimony on the part of the respondent that the oil was colorless and on the grey tile was difficult to see, that the area had not yet dried but that there was a substance on the floor which could be felt when the hand was placed thereon and that it appeared to be wet.

"The prinicples governing liability in a case of this kind are very simple and well settled. One who operates a mercantile establishment is not an insurer of the safety of those who enter his store but he does owe them the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition." *Bagwell v. McClellan Stores Co.,* 216 S. C. 207, 57 S. E. (2d) 257, 260.

It is well settled that in passing upon a motion for a nonsuit, testimony and all inferences from it must be taken most strongly against the defendant and if there be any testimony tending to prove any one or more of the specifications of negligence, the motion should be refused. *Sturdyvin v. Atlantic & C. A. L. Railroad Company,* 98 S.

C. 125, 82 S. E. 275; *Montgomery v. National Convoy & Trucking Co.,* 186 S. C. 167, 195 S. E. 247. The testimony must be considered in the light most favorable for plaintiff. *Jones v. American Fidelity & Casualty Company,* 210 S. C. 470, 43 S. E. (2d) 355.

In refusing appellant's motion for a nonsuit, the trial judge stated the issue very clearly when he stated:

"It seems to me I would be obligated to submit the case to the jury. The evidence, of course, shows that the salad oil was on the floor and that the defendant knew of it and very commendably undertook to clean it up. So it seems to me, one of the essential points in the case is this: Was there a lack of due care on their part in cleaning the salad oil from the floor?"

All of the evidence points to the fact that appellant undertook to clean the salad oil up immediately but whether or not there was lack of due care in the manner in which the cleaning was done or the time allowed for drying, clearly became a question for the jury, as one of the allegations in the complaint was to the effect that appellant had failed to keep the premises "in a reasonably safe condition for the plaintiff".

The other question concerns testimony of respondent's church connections and that she had on the first night of the trial attended revival services, in that such was irrelevant and gave respondent an unfair advantage over appellant.

Testimony was adduced to the effect that respondent was active in the work of her church prior to her injury and that after the injury her activities had been somewhat curtailed and that when she did attend services she was forced to sit upon a cushion or pillow. We do not see where appellant was prejudiced in any way by this testimony. Great latitude is allowed the trial courts in cases of this kind in order to determine the extent and character of the injuries complained of.

438

"In personal injury actions great latitude in allowed in the introduction of evidence to aid in determining the extent of the damages; and as a broad general rule any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of defendant's acts is admissible in such actions, if otherwise competent." 25 C. J. S., Damages § 146, p. 794.

Appellant also complains of the cross examination conducted by respondent's counsel of one Herbert Moses an employee of the Campbell Tire Company who installed the flooring in appellant's place of business, the contention being that examination of the witness as to the amount of money paid his employer for the work done was irrelevant and improper. Appellant presented this witness for the purpose of testifying to the safety of the floor which had been installed in appellant's place of business and how quickly such floor could be cleaned after Wesson Oil had been spilled thereon. He was, in effect, presented as an expert witness. The cross examination complained of tended to show that the witness had an interest in selling these floors and that it was part of his business to sell the public on the idea that they were safe. This examination was permitted for the purpose of testing the witness and we see no error therein.

We are of the opinion that the judgment of the Court should be affirmed and it is so ordered.

FISHBURNE, STUKES and OXNER, JJ., and G. BADGER BAKER, A. A. J., concur.