**BOWDEN et al. v. UNITED STATES.**

**No. 6410.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1952.

Decided Nov. 12, 1952.

R. Norman Mason, Accomac, Va., and Henry E. Howell, Jr., Norfolk, Va. (Jett, Sykes & Howell, Norfolk, Va., on brief), for appellants.

A. Carter Whitehead, U. S. Atty., Richmond, Va. (David E. Satterfield, III, Asst. U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and WILLIAMS, District Judge.

WILLIAMS, District Judge.

The Appellants, Elton Bowden and Loretta Amanda Bowden, instituted an action in the United States District Court for the Eastern District of Virginia, Norfolk Division, on a complaint to recover damages against the United States in the sum of Eighty-five Hundred ($8,500) Dollars for the destruction of a herd of sheep on Wallop's Island. This action was brought pursuant to the provisions of Title 28 U.S. C.A. Sections 1346, 2671 and 2680, commonly designated as the "Federal Tort Claims Act". The Appellants alleged that the herd of sheep was destroyed as the direct result of the negligent acts of the United States Government. Upon motion of Appellee, the Court granted judgment on the ground that the Appellants had failed to prove negligence and that they were negligent.

The Appellants, Elton Bowden and his wife, Loretta Amanda Bowden, were employed by the Wallop's Island Club, Incorporated, from 1935 to 1946, and lived on the Island during this time.

For years, prior to the condemnation of Wallop's Island by the Government, there was a herd of sheep on the Island. Immediately thereafter, the Wallop's Island

Club, Incorporated, transferred this herd of sheep, which was then estimated at about 200 head, to Mr. and Mrs. Bowden. The United States was given official notice that the sheep were still on the Island and that the owners were the Bowdens.

In 1945, the National Advisory Committee on Aeronautics, an agency of the United States (hereinafter referred to as "N.A.C.A."), occupied approximately one thousand (1000) acres of land on the southern end of Wallop's Island. In 1946, the remainder of the Island, or the upper two-thirds, was taken over by the United States Navy. The Appellants knew that the Navy was in control of one portion of the Island and the N.A.C.A. the other. As early as the summer of 1945, the N.A.C.A. sprayed the portion of the Island occupied by it with a spray of D.D.T. There is undisputed evidence that this spraying operation was the heaviest of all the sprays which were made, and that no sheep died as a result thereof. The spraying operations were continued during the years 1946, 1947, 1948 and 1949. No aerial spray was ever undertaken on the upper two-thirds of the Island which was occupied by the Navy. The herd of sheep lived and grazed on this portion of the Island.

On October 20, 1947, Mr. and Mrs. Elton Bowden, the owners of the sheep, and the President of the Wallop's Island Club were notified by Captain W. V. R. Vieweig that they could "contact 2nd Lt. B. B. Selvetelle, Jr., USMC, Assistant Security Officer at this station, and make all necessary arrangements for removing these sheep from Wallops Island."

In the spring of 1948, Elton Bowden, with the help of three men on horses and three boys on foot, attempted to round up the herd of sheep. They were unsuccessful. The Bowdens made no further effort to remove the sheep and did not make any investigation to determine what was happening to the sheep until the year 1950, when Elton Bowden learned that there were no sheep on the Island.

Only two questions need be considered by the Court in determining this case:

"1. Did the Appellants produce sufficient evidence to prove negligence on the part of the United States in the destruction of the herd of sheep located on Wallop's Island?

"2. Were the Appellants guilty of negligence?"

We think it is clear that the Appellants did not produce sufficient evidence to show that the sheep were destroyed by the negligence of the Government. The applicable rule in this case is stated in Abbott v. Railway Express Agency, 4 Cir., 1940, 108 F.2d 671, 672:

"The mere fact that an injury has been caused by an instrumentality under the control of the person charged with negligence, is not evidence that it was caused by negligence. There is a burden on the plaintiff to prove negligence by something more than conjecture and speculation."

After the Government took over the Island, it was occupied by a substantial number of Naval Employees and employees of the N.A.C.A. There was some evidence that some of the sheep may have been killed by the occupants of the Island or by dogs, but there is absolutely no evidence to show that any of the sheep were killed by the negligence of the Appellee or its agents. The evidence shows that the upper two-thirds of the Island on which the sheep customarily grazed was never sprayed. There is abundant evidence that the aerial spray in 1945 was the strongest of any of the sprays which were used by the Government, and that no sheep died as a result thereof. The Appellants claim that the aerial sprays which were put down in the early part of 1949 and 1950 were the cause of the death of the sheep. There is no evidence, however, that any of the sheep were seen on the Island either immediately before or after the sprayings of 1949 and 1950.

It is impossible to show what happened to the sheep after the Navy and the N.A.C.A. had taken over the Island, but many things may have happened for which the Government was not responsible.

 The burden of proof is on the Appellants to prove negligence by something more than conjecture and speculation.

They have not only failed to do this but the circumstances prove that the Appellants themselves were guilty of negligence.

It is difficult to understand why anyone owning sheep valued at Eighty-five Hundred ($8,500) Dollars should have permitted them to remain on the Island for more than two years after they had received notice to remove them, and especially since they knew that the Island was already occupied by the Government. No proof was offered that the Bowdens were to have an indefinite time to remove the sheep. The letter from Captain Vieweig was definite and specific, and the Appellants should have removed the sheep from the Island within a reasonable time after receiving this letter; and if they had done so, there would have been no loss.

For the foregoing reasons, the judgment of the District Court is affirmed.

Affirmed.