17419

Rebecca BAKER, Appellant, v. G. Dewey CLARK, Respondent

(103 S. E. (2d) 395)

*James Hugh McFaddin, Esq.,* of Manning, *for Appellant,*

*John G. Dinkins, Esq.,* of Manning, *for Respondent,*

April 30, 1958.

OXNER, Justice.

This action was brought against a merchant by one claiming to be an invitee to recover damages for personal injuries sustained as a result of a fall in a store. The trial resulted in a directed verdict for the defendant. On this appeal, plaintiff contends that under the evidence the question of defendant's liability should have been submitted to the jury.

Defendant G. Dewey Clark, operates a department store in the town of Manning. Around 10:00 or 10:30 o'clock on the morning of March 10, 1955, plaintiff, Mrs. Rebecca Baker, then in her late seventies, accompanied by her daugh-

ter and small grandchild, entered the store and requested permission to use the toilet. Permission was granted by one of the salesladies. In returning from the toilet, which was located at the rear of the store, plaintiff slipped and fell, fracturing her right hip. Her daughter and grandchild were walking just in front of her when she fell.

The toilet was a private one for the use of employees but customers known to them were at times permitted to use it. Although plaintiff was an occasional customer at this store, she did not intend to purchase any merchandise on the morning she was injured.

Four or five months prior to the accident hardwood floors had been laid in the store. The testimony of plaintiff's witnesses is conflicting as to the condition of this floor at the time of the accident. One said it was "a little slick" and "appeared to have been freshly polished". Plaintiff's daughter said it was "very oily and slick" and there was "more oil" where her mother fell than at any other place. Another witness for plaintiff denied that the floor was slick, stating that although it had just been cleaned with Sun Ray cleaning fluid, it was completely dry.

It seems to be admitted that the saleslady who gave permission to use the toilet warned plaintiff to be careful but she and her witnesses are not entirely in agreement as to the exact language used. Plaintiff, whose hearing is considerably impaired, said that the saleslady told her to be careful as the floor had been "shellacked" but was dry. Plaintiff's daughter testified that she said "they had just finished waxing it (the floor) and to be careful." Another witness for plaintiff testified that the saleslady said that they had just finished cleaning the floor and to be very careful.

The witnesses for defendant conceded that when the store was opened around 9:00 o'clock, several of the employees proceeded to clean the floor with Sun Ray fluid, which was applied with a mop, and stated that this job had just been completed when plaintiff entered the store. They denied

that the floor was slick and stated that it was in a dry and good condition. Their testimony was to the effect that this cleaning fluid, which was similar to that used by many other merchants, contained no oil or other greasy substance and that there were no greasy or oily spots on the floor. The only eyewitness for defendant stated that plaintiff did not slip on the floor but "her foot just gave away and she fell."

The Court below granted a motion for a directed verdict upon the grounds (1) that the undisputed testimony showed that plaintiff was not an invitee but a licensee to whom defendant owed no duty except not to harm her wilfully or wantonly, and (2) that even if considered as an invitee, she was adequately warned of the condition of the floor and assumed any risk incident to using it.

In passing on the question of directed verdict, we shall assume that the plaintiff was not a licensee but an invitee. We, therefore, need not discuss the measure of legal duty to a licensee.

While one who operates a mercantile establishment is not an insurer of the safety of those entering his store upon an implied invitation, he does owe to such persons the duty of exercising ordinary care to keep the aisles, passageways and other parts of the premises ordinarily used by customers in a reasonably safe condition, *Bagwell v. McLellan Stores Co.*, 216 S. C. 207, 57 S. E. (2d) 257; *Mullinax v. Great Atlantic & Pacific Tea Co.*, 221 S. C. 433, 70 S. E. (2d) 911; *Richards v. Great Atlantic & Pacific Tea Co.*, 226 S. C. 119, 83 S. E. (2d) 917; *Hunter v. Dixie Home Stores*, 232 S. C. 139, 101 S. E. (2d) 262, and of giving warning of hidden danger or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know. *Bolen v. Strange*, 192 S. C. 284, 6 S. E. (2d) 466.

It is equally well settled that if a plaintiff freely and voluntarily enters into some relation with a defendant which presents obvious danger, he will be re-

garded as impliedly agreeing to look out for himself and to relieve the defendant of responsibility. *Nettles v. Your Ice Co.* 191 S. C. 429, 4 S. E. (2d) 797; *Augustine v. Christopoulo,* 196 S. C. 381, 13 S. E. (2d) 918; Prosser on Torts, 2nd Edition, pages 303 to 314; Restatement of the Law of Torts, Section 893. There is some confusion in the cases as to whether a defense of this kind should be characterized as contributory negligence or assumption of risk. The two are closely associated. As pointed out by Professor Prosser on page 309, in the early decisions the doctrine of assumption of risk was confined to cases arising out of the relation of master and servant but it is now recognized that the basis of the defense is not contract but consent, and that it is available in many cases where no contract exists. For the purpose of determining in the instant case whether the Court erred in directing a verdict, it makes little difference whether we call the defense under discussion assumption of risk or contributory negligence.

In line with the principle stated in the preceding paragraph, it has been held that a merchant was not liable where a customer, knowing that the floor was slick and that light rugs thereon were apt to slip, stepped upon one of the rugs which slipped and caused her to fall, since such customer assumed the risk necessarily attached to the conditions observed. *Crone v. Jordan-Marsh Company,* 269 Mass. 289, 169 N. E. 136. In *Bolen v. Strange, supra,* 192 S. C. 284, 6 S. E. (2d) 466, plaintiff went to a meat packing house, climbed on a table which he knew was slick and bloody for the purpose of obtaining "carcasses" of cattle, and slipped and fell, sustaining injuries to his legs. Recovery was denied upon the ground that having knowledge of the dangerous and unsafe condition of the table, plaintiff assumed the risk of standing on it.

In *Hordes v. Kessner, Sup.,* 159 N. Y. S. 891, a customer fell through an open cellar door in front of a store. Recovery was denied upon the ground that plaintiff had been warned by one of the salesmen of the danger of the open

door. To the same effect, see *Blaugrund v. Paulk,* Tex. Civ. App., 203 S. W. (2d) 947.

When the evidence is considered in the light of the foregoing principles, we think it clearly appears that plaintiff, who had no physical handicap and was in excellent health, assumed any risk incident to walking on this floor. Conceding that the testimony warrants an inference that it was not reasonably safe, plaintiff, after being adequately warned of its condition, decided to take her chances on using it. She had no right to demand entrance into this store, neither was defendant compelled to permit her to use the toilet. Permission to do so was granted but, according to plaintiff's own testimony, such permission was coupled with an admonition that the floor had just been "shellacked" or, in the words of her daughter, "waxed", and she should be careful. She thus for her own accommodation impliedly agreed to look out for herself and assume any risk involved. Her counsel emphasizes the fact that the saleslady also said that the floor was dry and it is argued that this was an implied assurance that it was in a reasonably safe condition. We do not think so. The floor could have been dry and yet hazardous. The warning to be careful negatives any inference that use of the floor was free of risk.

Affirmed.

TAYLOR, LEGGE, and MOSS, J. J., and J. WOODROW LEWIS, Acting Associate Justice, concur.