Stella E. RIKARD, Plaintiff,

v.

J. C. PENNY COMPANY, Inc., COLUMBIA DIVISION, Defendant.

Civ. A. No. AC-840.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 25, 1964.

Henry Hammer, Henry H. Edens, Columbia, S. C., for plaintiff.

J. Edwin Belser, Jr., Columbia, S. C., for defendant.

SIMONS, District Judge.

This is an action brought to recover damages for personal injuries to the plaintiff alleged to have been caused by the actionable negligence of the defendant while plaintiff was a customer in the store of the defendant located on Main Street, in the City of Columbia, S. C. Plaintiff stumbled and fell over a fitting stand after having a dress fitted in defendant's alteration room, sustaining injuries to her left arm and shoulder. This case was heard before me without a jury pursuant to Rule 39 [b] of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. On October 2, 1959, the plaintiff and a friend, Annette Guthrie, were shopping in J. C. Penny's Store in Columbia, S. C. Plaintiff selected a dress from the racks located in an area on the South side of the second floor. She also indicated to the saleslady that she was interested in another dress. Plaintiff was then directed to a dressing room on the South side of the floor where she changed into the dress she had first selected. The dress needed alterations, and plaintiff was then directed to an alteration room located on the opposite side of the store.

2. There is a conflict in the testimony as to whether the plaintiff entered the fitting room through the West or the South door of the alteration room. If she had entered through the South door she would have passed by the fitting stand over which she later stumbled. Nevertheless, upon entering the fitting room, she was directed to a fitting stand which was located on the West side of the room against the wall facing a large table. At the South end of the table, flush against it, was another fitting stand. Two sewing machines were near or against the South wall facing the table leaving a passageway between the fitting stand and the sewing machines leading to the South door of the alteration room.

3. After having the dress measured for alterations, plaintiff was directed to go to a dressing room outside of the South door to change into the second dress which she had selected. She had to pass through the passageway formed by the fitting stand at the end of the cutting table and the two sewing machines against the South wall of the alteration room to get to the dressing room. Plaintiff took a few steps and stumbled over the fitting stand at the end of the table sustaining injuries to her left shoulder and arm.

4. The fitting stand over which plaintiff stumbled was 24 inches square, about 8 inches high, with two vertical pipes extending from the two northerly corners of the platform. The pipes extended above the level of the cutting table.

5. Because of the conflicting testimony presented during the trial as to the location of the sewing machines in the alteration room, the structure of the fitting stand over which plaintiff stumbled, the location of the fitting stand on which plaintiff stood to have the first dress altered, and the distance between the fitting stand at the end of the cutting table and the sewing machines near or against the South wall, at the request of counsel for defendant with consent of plaintiff's counsel, the Court made an inspection of the alteration room, arranged according to the plaintiff's testimony and according to the defendant's testimony, and arrived at the following conclusions:

a. The alteration room is equipped with the usual, standard equipment generally found in alteration rooms, i.e.: Sewing machines, fitting stands, cutting table, pressing table, steam press, and other equipment appropriate to such work; and that no dangerous or unsafe condition existed in reference to the location of such equipment, including the fitting stand over which plaintiff fell.

b. The fitting stand over which plaintiff stumbled was in view of plaintiff while she was standing on the other fit-

ting stand against the West wall, whether the arrangement of the room be according to the plaintiff or the defendant. Her view of the fitting stand at the end of the table would not have been blocked completely, if at all, by the seamstress, Mrs. Rowe, as the dress was being fitted.

c. There was ample room in the passageway between the fitting stand at the end of the cutting table and the sewing machines against the West wall for the plaintiff to pass safely, if she had exercised ordinary care, without stumbling over the said fitting stand.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the alleged cause of action under the provisions of Title 28 U.S.C.A. § 1332, as there is diversity of citizenship and the amount in controversy exceeds Ten Thousand ($10,000.00) Dollars.

2. A storekeeper is not an insurer of the safety of customers within his store; the relationship is that of an invitor and an invitee. See 100 A.L.R. at page 705 and cases cited therein. The question of liability of a storeowner to his customers is set forth clearly in the case of Bagwell v. McClellan Stores Co.:

"The principles governing liability in a case of this kind are very simple and well settled. One who operates a mercantile establishment is not an insurer of the safety of those who enter his store but he does owe them the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition." 216 S.C. 207, 57 S.E.2d 257, 260. See also: Mullinax v. Great Atlantic & Pacific Tea Co., 221 S.C. 433, 70 S.E.2d 911; Richards v. Great Atlantic & Pacific Tea Company, 226 S.C. 119, 83 S.E.2d 917.

It is also clearly the law in cases of this type that the invitee has a duty to use reasonable care for his own safety, and if he is guilty of contributory negligence he cannot recover for his injuries. 33 A.L.R. 181, and supplements thereto, 43 A.L.R. 866; 46 A.L.R. 1111; 58 A. L.R. 136; 100 A.L.R. 710 and 162 A.L.R. 949.

3. In Bolen v. Strange, 192 S.C. 284, 6 S.E.2d 466, the Supreme Court of South Carolina said:

"It is equally well settled that one who, with knowledge of conditions, goes into danger, he assumes the consequences and, even though there be negligence on the part of the other, if the complainant suffer hurt to which his negligence contributed as a proximate cause, without which it would not have occurred, he is barred of recovery."

4. Each case of this type is decided on a mixed question of law and fact, and the final decision must be made on the particular circumstances involved. I find in this case that the plaintiff had an unobstructed view of the fitting stand over which she fell while she was on the other stand having a dress altered; that the defendant had the usual, customary equipment found in an alteration room and was not guilty of actionable negligence in maintaining it in such condition as it existed on the day of the accident; that the proximate cause of the accident and resulting injuries to plaintiff was her negligence in failing to use due care for her own safety as she passed between the sewing machines and the fitting stand at the end of the cutting table. Even if defendant had been guilty of actionable negligence in the premises, plaintiff's contributory negligence combined and concurred with such negligence as a proximate cause of her injuries, and without which they would not have occurred, so that she is barred from recovery. Bolen v. Strange, supra.

I, therefore, conclude that plaintiff's complaint should be dismissed and that judgment should be entered for the defendant; and it is so ORDERED.