**Mrs. Agnes HUMPHRIES, Appellee,**

v.

**McCRORY–McLELLAN STORES CORPORATION, Appellant.**

**No. 10223.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 10, 1966.

Decided March 30, 1966.

Mortimer M. Weinberg, Sumter, S. C., (Perry M. Weinberg, Sumter, S. C., on the brief) for appellant.

**902**

Henry B. Richardson, Sumter, S. C., and Henry H. Edens, Columbia, S. C., (George C. James, Sumter, S. C., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Personal injury damages were awarded by a jury to Agnes Humphries for her fall, November 6, 1962, in the Sumter, South Carolina store of McCrory-McLellan Stores Corporation, which now appeals the judgment on the verdict. We reverse and order dismissal of the action for want of evidence of primary negligence.

The injury occurred when a spiked heel of plaintiff's shoe caught in a hole drilled in the threshold at the entrance to the store. The plaintiff was entering the store at the time, having just pushed open one of the double swinging doors. The hole is known as a mate; there is one for each of the doors at this point. Its function is to receive the bolt on the door as it is lowered to lock the door. When closed, the door covers and conceals the hole, but when opened, the hole is exposed.

The hole is round, no more than a penny's width across, and is a proper fixture. Its design and installation were specified by the building's architects many years before the plaintiff's mishap. It is too small to appear dangerous.

■■ South Carolina law, of course governing here, imposes upon a storekeeper the obligation to use ordinary care to maintain the exits, adits and public spaces of his premises in a reasonably safe condition for the use of his customers. He does not insure their safety. See Baker v. Clark, 233 S.C. 20, 103 S.E. 2d 395 (1958); Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1958). The shopkeeper has a duty also to warn of hidden danger or unsafe conditions of which he knows or in the exercise of reasonable supervision should know. See Baker v. Clark, supra, 233

S.C. 20, 103 S.E.2d 395; Bolen v. Strange, 192 S.C. 284, 6 S.E.2d 466 (1939).

■■ Viewed most favorably for the plaintiff, the evidence wholly fails to prove any dereliction by McCrory in its duties. The mere existence of the hole did not establish negligence, for it was an appropriate fitting, as much so as knobs, hinges, locks or the threshold itself. No disrepair or intrinsic imperfection is shown or even alleged. McCrory was certainly aware of the hole. However, the evidence does not show that it gave any such indication or threat of possible hazard as to make it reasonably foreseeable as a menace to safety and require a warning of its presence.

Moreover, the plaintiff's heel was over three inches in height, with a slim shaft tapering to a base hardly a half-inch in diameter. A seamless or unbroken step or floor surface would be necessary to assure the wearer entire security. Common experience and observation teach how impracticable and unreasonable it would be to insist upon such exactness in providing ingress and egress into and from business premises. The obligation of ordinary care does not require it. While a heel of this delicacy may be demanded by feminine style, a corresponding protective fashioning of walkways is not demanded by law.

The plaintiff's judgment must be vacated and the action dismissed.

Reversed and dismissed.

HAYNSWORTH, Chief Judge (dissenting).

I would readily accept the reasonableness of the view of my brothers if theirs was the responsibility of drawing the ultimate factual inferences. I cannot agree, however, that the different view the jury took was an unreasonable one. I think the question was properly submitted to the jury for its resolution.

A storekeeper must exercise care to discover, and protect his customers against injury from, dangerous condi-

tions on the premises.[1] Even if the dangerous condition be known to his customers or obvious, the storekeeper may still be responsible for the harm it causes, if he reasonably should have foreseen the harm, notwithstanding the obviousness of the danger.[2]

The fact that the design and construction of the doors and the threshold merited architectural approval at the time of the installation may have been a circumstance for consideration by the jury. In my opinion, it cannot convert the ultimate question from one of fact to one of law. In a substantial part of the litigation in this field, the dangerous condition did not arise out of faulty construction or improper maintenance or repair, but out of the original design. The grate in the floor that catches the heel, the unseen step over which the customer stumbles, and the sloping surface upon which he slips are hazards created usually with the approval and by the design of some architect, but that circumstance does not provide a rule of automatic exculpation of the storekeeper.

Nor can it be said, as the defendant contends, that the ladies' heels of today are so extreme that no storekeeper ought to be required to take any steps to safeguard their users from mishap. They have now been in use for a good many years. They have proven to be no transient fad. Long before this occurrence, the defendant knew that feminine fashion prescribed the use of such heels, and that a substantial proportion of the customers and potential customers entering and leaving its store would be using such heels. The defendant did all that it could to encourage women shod in the mode of the times to use its store. In doing so, the law seems to me clearly to have required it to exercise reasonable care to protect that large segment of its custom-ers from risk of harm from special hazards to persons so attired or to adequately warn those customers of such hazards.

The two holes in the threshold of these double doors were not large, but large enough to receive the slender heels commonly worn by women at the time of the occurrence. They were of a size which might reasonably be thought to have constituted a particular hazard to all ladies in those narrow heeled shoes which have been modish now for a number of years.

I do not believe that the danger can be held obvious as a matter of law, for the holes were completely concealed so long as the door was closed. Nor do I believe that the customer can be held contributorily negligent as a matter of law for not having observed them after opening the door when other conditions demand attention and an interruption of the individual's stride is neither usual nor expected.

The defendant might have adopted some other means of securing the doors in a locked position. If it preferred to secure the locking bolts in mating holes in the threshold, it could have filled the holes with metal blocks or inserts when the doors were unlocked, or adopted other means to guard against harm to its feminine customers who were not exercising extraordinary vigilance. So long as they remained as they were, however, it seems to me the jury might have reasonably concluded, as it did, that the defendant should have appreciated their hazard to many, if not most, of its customers, whose heels, it knew, or should have known, would fit within the holes.

Believing the question was one of fact, I think it was properly submitted to the jury.

I, therefore, respectfully dissent from the judgment of reversal.

1. See, generally, 2 Restatement of Torts 2d, § 343, et seq.

2. Ibid., § 343A.