Blanche G. **WINBURN**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant and Third-**
**Party Plaintiff,**

v.

**COUNTY OF DARLINGTON**, Third-
**Party Defendant.**

Civ. A. No. 69–955.

United States District Court,
D. South Carolina,
Florence Division.

May 13, 1971.

Ellis I. Kahn, of Solomon, Solomon & Kahn, Charleston, S. C. and James M. Herring, of Saleeby, Saleeby & Herring, P. A., Hartsville, S. C., for plaintiff.

John K. Grisso, U. S. Atty., for D. S. C., and Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for United States.

## ORDER

HEMPHILL, District Judge.

This is a suit for personal injury, under the Federal Tort Claims Act, against the defendant United States of America. The United States of America has filed a third-party complaint against the County of Darlington, South Carolina, alleging that if it is liable to the plaintiff the County of Darlington is liable over to the United States of America. Plaintiff seeks damages resulting from an alleged fall by Blanche G. Winburn as she was exiting from a building wherein a "contact station" of the Social Security Administration was located. Mrs. Winburn's fall occurred on February 28, 1967. Testimony was taken before the court at Florence, S. C., November 9 and 10, 1970. After receipt of copies of the transcript counsel for plaintiff and defendant furnished proposed findings. The third-party defendant did not participate because plaintiff seeks no judgment, directly, against such governmental subdivision, but reserves all rights and defenses as to any pursuit defendant United States may institute in event of judgment by plaintiff against such defendant.

This court has reviewed the record, the exhibits, the trial briefs and the proposed findings. Pursuant to Rule 52, Federal Rules of Civil Procedure, upon the credible evidence before it, this court publishes its

## FINDINGS OF FACT

1. Plaintiff, a 63-year old housewife, is a native of Darlington County, S. C., possessed of an eighth grade education and having no previous history of injury. Her husband, the only employed member of the household, works for the South Carolina Forestry Commission. Plaintiff is trustee and guardian for her incompetent sister, Carey Griggs, who is a member of the household. Carey Griggs received assistance from the Social Security Administration, Department of Health, Education and Welfare, United States of America.

2. Each year the Social Security Administration requires Mrs. Winburn to file Form OA–C623,[1] which is an accountability of the use of the money for benefit and purposes of the alleged recipient for the past twelve months. On February 28, 1967, Mrs. Winburn travelled from her home in Darlington County to the Hartsville Health Center (called a contact station by Social Security Administration) to get assistance in completing the form. She entered the building, received the help she sought, and upon leaving the premises fell and was injured.

3. The building housing the contact office is known as the Darlington County Health Building and is located in Hartsville, South Carolina. As reflected by the testimony and the exhibits this building consists of one large floor which has a large center area surrounded by approximately 15 rooms, a back entrance, a front porch and a side porch. In one of the smaller rooms, a representative of the Social Security Administration meets with local residents one or two days a week to discuss Social Security claims; on days other than Tuesday or Thursday the Social Security Administration does not use the space, and presumably it is used by others. Also using the building are the County Health Officer of Darlington County (nurses' office, doctor's office and county health officer's office), the Red Cross, the County Veterans Officer, and other minions of state or local bureaucracy. Generally, the building was used for county purposes.[2]

4. The testimony of James L. White, County Manager of Darlington County, and F. O. Smith, Social Security official, established that the building in question is and was owned, maintained, and controlled by Darlington County, South Carolina, on February 27, 1967. This testimony particularly established that the waiting room area the plaintiff was leaving inside the building, the place of the fall, and the front porch are owned, controlled, and maintained exclusively by Darlington County, South Carolina. The testimony of these two witnesses further established that the contact station is used by the Social Security Administration on a "rent free" basis by oral agreement. Their testimony further established that the Social Security Administration asserted no control over the building other than the room occasionally occupied by the Social Security Administration as a contact station. The undisputed testimony is that entire maintenance and control of the building is in Darlington County. The agents of the Social Security Administration possessed no key, directed no efforts as to the upkeep, maintenance, modification or use of the building. No contest was made as to the truths of this testimony.

5. Plaintiff in pursuit of assistance in reporting as to her sister's income had used the building three or four times previously without difficulty. The County Manager of Darlington County testified that the building had been used generally by the public seeking governmental assistance, including older citizens and had no knowledge of any reports of defects prior to February 28, 1967. The building was erected in 1939 or 1940 and he had been supervisor since 1960. Since 1960 there have been no changes in the door on Fourth Street, the door through which plaintiff at-

1. This form was not produced on trial so this court must assume it is classified.

2. Defendant's exhibit A.

tempted egress. On the day of the accident plaintiff was the fifteenth person interviewed in the Social Security Office.

6. Plaintiff's own testimony did not establish to the satisfaction of this court, the exact manner in which she fell. Upon listening carefully to her testimony the court is of the opinion that she does not, in reality, know whether she tripped over the threshold or not. An architect testified the height of the threshold was three-fourths (¾″) of an inch.[3] There is no testimony any other person had tripped upon or had difficulty with the threshold in the 30 years of its existence at the place of plaintiff's fall.

7. There is no dispute but that plaintiff fell as she attempted egress from the building. As a result of this fall she has been severely injured. There were no eye witnesses to her accident. The District Manager of the Florence, South Carolina, Social Security Administration, Suanee D. Dusenbury, on March 3, 1967, reported[4] to the tort claims officer of the Social Security Administration, at Baltimore, in writing that "Apparently, as Mrs. Winburn passed through the front door she caught her foot in the door or on the door joint." Neither Mrs. Dusenbury, nor the person who informed her of the accident, saw the accident happen.

(and)

## CONCLUSIONS OF LAW

A. This court has jurisdiction of the subject matter of this action pursuant to the provisions of 28 U.S.C. § 1346(b)[5].

B. Plaintiff has failed to meet her burden of proof. Porter v. United States, 228 F.2d 389 (4th Cir. 1955); Bowden v. United States, 200 F.2d 176 (4th Cir. 1952); Conmy v. United States, 401 F.2d 541 (4th Cir. 1968); Humphries v. McCrory-McLellan Stores Corp., 358 F.2d 901 (4th Cir. 1966). There is no credible proof that that which caused any injury had been placed in Darlington County's building as the result of the wrongful act or omission to act by Social Security personnel or anyone acting within its authority or the authority of the defendant United States.

C. Defendant United States may be likened to the shopkeeper in Humphries v. McCrory, supra, as was pointed out there:

South Carolina law, of course governing here, imposes upon a storekeeper the obligation to use ordinary care to maintain the exits, adits and public spaces of his premises in a reasonably safe condition for the use of his customers. He does not insure their safety. See Baker v. Clark, 233 S.C. 20, 103 S.E.2d 395 (1958); Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1958). The shopkeeper has a duty also to warn of hidden danger or unsafe conditions of which he knows or in the exercise of reasonable supervision should know. See Baker v. Clark, supra, 233 S.C. 20, 103 S.E.2d 395; Bolen v. Strange, 192 S.C. 284, 6 S.E.2d 466 (1939).[6]

D. There is no credible proof that the threshold was inherently dangerous. In the 30 years of its apparent existence

---

3. Plaintiff offered exhibits #2, #3, and #4 which are blown up photographs of the threshold.

4. Plaintiff's exhibit #18.

5. 28 U.S.C. § 1346(b) provides:
   Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

6. 358 F.2d page 902.

the record reveals no other person as having fallen because of it. While it might be argued that defendant had a duty to inspect (and the testimony shows the premises were inspected by Social Security personnel prior to beginning the Tuesday–Thursday weekly use), there is no showing of a duty of *constant surveillance.* Taylor v. United States, 360 F.2d 488 (4th Cir. 1966). Indeed, there is no showing frequent inspection would have revealed any dangerous characteristic.

■ E. If the premises was not kept in proper repair, and there is no impressive proof that such was the case, nevertheless it was clearly the duty of the landlord-owner, and not the United States, to maintain. Especially is this true under the facts here where it is uncontradicted defendant exercised no supervision, control, or maintenance responsibility. The South Carolina case of Binnicker v. Adden, 204 S.C. 487, 30 S.E.2d 142 (1944) gives guidance here. In the Binnicker decision, on page 145, the court quoted approvingly from various authorities as follows:

Because possession and control are reserved unto the lessor, the law implies an obligation, creates a legal duty, to keep the same in repair, and to operate it properly. This is in accord with the general rule that there is an implied duty on the part of the landlord to keep in repair all portions of demised premises of which it reserves possession and control for the common use of several tenants * * *.

* * * * * *

A possessor of land, who leases a part thereof and retains in his own possession any other part * * * is subject to liability to his lessee and *oth-ers lawfully upon the land with the consent of the lessee* * * * for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control * * * [Emphasis added].

51 C.J.S. Landlord & Tenant p. 930 states:

As a general rule, in the absence of a covenant on the part of the landlord to repair, that duty rests on the tenant, as to the portions of the leased premises which are under his control; *but the application of this rule cannot be extended beyond the premises leased, and the* tenant may not be held to repair that over which he has no control or authority. * * * [Emphasis added].

It is clear that the area where Mrs. Winburn fell at the Darlington County Health Building is owned, maintained, and controlled by Darlington County, and not by the Social Security Administration or any agent of the United States of America. The United States of America had and exercised no control, nor authority over this area of the fall by the plaintiff. This court accordingly finds no negligence on the part of the defendant United States of America causing injuries to the plaintiff.

## CONCLUSION

Plaintiff has failed to prove actionable negligence on the part of the United States as the proximate cause of her claimed injuries.

The Clerk will enter judgment for defendant United States.

The third-party defendant may move the court for an appropriate order.

And it is so ordered.