833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
G. Robin OSCAR, Plaintiff-Appellant,
v.
CLOVERVALE FOODS PROCESSING, INC., Defendant-Appellee.
G. Robin OSCAR, Plaintiff-Appellant,
v.
CLOVERVALE FOODS PROCESSING, INC., Defendant-Appellee.
 Nos. 87-2013(L), 87-2049.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 5, 1987.
Decided Oct. 28, 1987.
 
 William Ransom Hurst, Sr. (Hurst & Barber, John W. DeJong on brief) for appellant.
 James D. Brice (Deborah Casey Brown, Rainey, Britton, Gibbes & Clarkson, P.A. on brief) for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, JAMES DICKSON PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The question presented is whether the district court properly granted the appellee's motion for judgment notwithstanding the verdict.
 
 
 2
 On July 12, 1984, the appellant, G. Robin Oscar, was visiting the peach processing plant of appellee, Clovervale Foods Processing, Inc. ("Clovervale"). Appellee had invited Oscar to visit the plant so that he could view some fruit that it wanted him to sell. During the visit, Richard Cawrse, who was then a vice president of Clovervale, took appellant on a tour of the processing plant. At the end of the tour Cawrse and Oscar came upon some men unloading a trailer filled with empty 55-gallon barrels, each of which weighed about 35-40 pounds. Cawrse gave the men instructions on how to unload the barrels faster by setting up a brigade in which one or two men located in the front part of the trailer would roll the barrels to another man located by the unloading dock at the rear door of the trailer. The man stationed by the unloading dock would stop the rolling barrels and stand them up on the dock so that the rest of the men positioned by the doorway of the building and within the building could continue the transfer. Cawrse and Oscar joined appellee's employees in unloading the barrels; appellant was stationed at the rear door of the trailer.
 
 
 3
 Appellant testified that he had been assisting in unloading barrels for about fifteen minutes when, as he was turning around after placing a barrel on the unloading dock, he was struck by a barrel. The blow caused his foot to slip off the dock into the separation between the unloading dock and the trailer, and this caused him to fall backward onto a tow motor, striking his head.
 
 
 4
 The only witness to appellant's fall was an employee of appellee, Talmadge King, who had been rolling the barrels to appellant from the back of the trailer. King stated that he only caught a glimpse of appellant falling. He testified that the barrels were being rolled a distance of about 20 feet from near the front to the back of the trailer at the time appellant fell; that he would not roll the next barrel until appellant had turned around; and that appellant fell after he had already picked up a barrel and turned around.
 
 
 5
 After the jury found in favor of appellant, appellee moved for a judgment notwithstanding the verdict. The district court granted the appellee's motion based on a finding that, among other things, the only reasonable inference that could be drawn from the evidence was that appellant voluntarily and knowingly assumed the risk present at the time of his fall.
 
 
 6
 In determining whether the district court properly granted appellee's motion, we note that in a diversity case the sufficiency of evidence to create a jury question is a matter governed by federal law. Owens By Owens v. Bourns, Inc., 766 F.2d 145, 149 (4th Cir.), cert. denied, 106 S.Ct. 608 (1985).[1] The trial court is required to grant a judgment notwithstanding the verdict even if there is some evidence supporting the opposite position so long as there are no controverted issues of fact upon which reasonable minds could differ. Whalen v. Roanoke County Board of Supervisors, 769 F.2d 221, 227 (4th Cir.1985) (Ervin, J. concurring in part and dissenting in part) (adopted as opinion of the Court, 797 F.2d 170, 171 (4th Cir.1986) (en banc)). However, the trial court must judge the evidence in the light most favorable to the party against whom the motion is made, and it must give that party the benefit of all reasonable inferences from the evidence. 9 Wright & Miller, Federal Practice and Procedures Sec. 2524 at 543-45 (1971).
 
 
 7
 We agree with the district court that the only reasonable inference that can be drawn from the evidence is that appellant assumed the risk of his injury. Under South Carolina law, assumption of risk is available as a defense in actions where there is no contractual relationship between the parties. Honea v. West Virginia Pulp and Paper Company, 380 F.2d 704, 707 (4th Cir.1967). See also Baker v. Clark, 233 S.C. 20, 103 S.E.2d 395 (1958). Further, the trial court may find that as a matter of law a party assumed the risk "where it clearly appears either that the plaintiff had knowledge of and appreciated the danger or that the danger was so obvious or apparent that knowledge should have been imputed to him." Ballou v. Sigma Nu General Fraternity, 352 S.E.2d 488, 495 (S.C.Ct.App.1986). The trial court must also determine whether the risks assumed were or were not the proximate cause of the plaintiff's injury. Turner v. Sinclair Refining Company, 239 S.C. 620, 173 S.E.2d 356, 359 (1970).
 
 
 8
 In the instant case, appellant freely and voluntarily engaged in an activity with appellee's employees that presented an apparent danger, and therefore he is regarded as "impliedly agreeing to look out for himself and to relieve the defendant of responsibility." Id. Appellant had been unloading the barrels for approximately fifteen minutes before the accident occurred. During this time he was aware of the three to six inch gap between the truck and the dock, and he also testified that the barrels were not all rolled in the same manner. As he testified, the barrels: "could go to here [indicating a spot on a diagram] or could go crossways or whatever way it rolled down the track." "And the stopper, if you will, the catcher could move back and forth across here [indicating an area on the diagram] stopping the barrel...." (App. at 86). "[T]he barrel could go straight down the middle, straight down the side; it could go at an angle. You moved to catch the barrel." (App. at 87-8). Most significantly, appellant testified that "sometimes you reached in because the barrel came slow or stood back to catch it because it came a little faster." (App. at 87). The unpredictable variations in the direction and speed the barrels traveled created a clear risk that should have alerted appellant to the danger of his position. Despite his knowledge that the barrels varied in both the angle and speed at which they traveled, appellant voluntarily continued to participate in the work. In a situation where one or two men are rolling barrels to the back entrance of a trailer at varying speeds and angles, the risk that the "catcher" will be struck by a barrel while he is not fully alert is "so obvious or apparent that knowledge should be imputed to him". Ballou, 352 S.E.2d at 495.
 
 
 9
 We also agree with the district court that the evidence presented at trial was too insubstantial to support a finding of negligence on the part of the appellee. Appellant testified at trial that: (1) he did not know who rolled the barrel; (2) he did not see the barrel rolling toward him; (3) he does not know how fast the barrel was traveling; and (4) he does not know what direction it came from. Although it is possible to infer that one of the appellee's employees rolled the barrel in a negligent manner, the evidence in the record equally supports an inference that the appellant was slower than usual in turning back around, or that he was not as alert as he should have been. An issue can only be submitted to the jury when it is supported by evidence that shows a probability and not a mere possibility of proof. Whalen v. Roanoke County Board of Supervisors, 769 F.2d 221, 227 (4th Cir.1985) (Ervin, J. concurring in part and dissenting in part) (adopted as opinion of the Court, 797 F.2d 170, 171 (4th Cir.1986) (en banc)). The only evidence produced by the appellant to establish that an employee of appellee rolled the barrel in a negligent manner was Oscar's testimony that the barrel struck him while he was not looking. In the context of the record this does not create a probability of negligence on the part of the appellee. Therefore, we base our decision to affirm the judgment of the district court on this ground as well.[2]
 
 
 10
 In sum, we agree with the district court's conclusion that the only reasonable inference to be drawn from the evidence presented at trial is that appellant assumed the risk of his injury, and that, moreover, there is insufficient evidence in the record to support a finding of negligence on the part of appellee.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The law of South Carolina governs the substantive issues of whether appellee was negligent and whether he assumed the risk of his injuries
 
 
 [2]
 The district court did not address appellee's argument that it was also entitled to the defense of contributory negligence, and we need not address that issue on this appeal