18888

Gladys EASLER, Respondent, v. Mickey Maurice PAPPAS, Appellant

(166 S. E. (2d) 808)

*Messrs. Carlisle Bean & Hines,* of Spartanburg, *for Appellant,*

*James J. Raman, Esq.,* of Spartanburg, *for Respondent,*

April 9, 1969.

Moss, Chief Justice.

Gladys Easler, the respondent herein, brought this action against Mickey Maurice Pappas, the appellant herein, to recover for personal injuries sustained when she was struck by an automobile driven by the appellant.

It is alleged in the complaint that, on October 27, 1965, the respondent was about to cross Union Street in the City of Spartanburg, and when she was only a short distance from the sidewalk the appellant collided with her, thereby inflicting personal injuries. It was further alleged that the injuries to the respondent were proximately caused by the negligence and willfulness of the appellant in the operation of his automobile and assigned as specific acts of negligence and willfulness: (1) failure to keep a proper lookout; (2) driving at an excessive and dangerous rate of speed; (3) failure to have proper brakes and if he had proper brakes failure to apply them; and (4) failure to avoid striking the respondent after the appellant saw or should have seen that she was in a perilous situation. The appellant, by answer, denied any negligent and willful acts on his part and alleged affirmatively that the respondent was guilty of contributory negligence and willfulness.

The case came on for trial before The Honorable Wade S. Weatherford, Jr., Presiding Judge, and a jury, on June 7, 1968. The appellant moved for a directed verdict on the ground that there was no evidence to support any of the specifications of negligence and willfulness alleged in the

complaint. This motion was refused and the jury returned a verdict in favor of the respondent for actual damages. Following the verdict, the appellant made a motion for judgment *non obstante veredicto* upon the ground above stated. This motion was refused and this appeal followed.

Under the exceptions we are only concerned with the determination of whether the trial judge erred in refusing to grant the timely motions of the appellant for a directed verdict and judgment *non obstante veredicto* in his favor on the ground that the testimony failed to show any actionable negligence on the part of the appellant. The question of whether or not there was error in refusing such motions of the appellant requires us to consider the evidence and all inferences which may reasonably be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the court. *Crider v. Infinger Transporation Company,* 248 S. C. 10, 148 S. E. (2d) 732. The burden was on the respondent in the court below to prove that the appellant was negligent in one or more of the particulars specified in the complaint and that such negligence on his part was a proximate cause of the injuries sustained. *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776.

Union Street in the City of Spartanburg runs generally north and south. It is 29 feet in width and the northbound lane was estimated to be 10 or 11 feet in width. There was a curb on the eastern side of Union Street but no sidewalk. The collision occurred at approximately 8:15 at night near the intersection of Warren Street with Union Street. Warren Street dead-ends at Union Street on the western side thereof. On the eastern side of Union Street and north of the intersection of Warren with said street is a private driveway that leads into a business establishment known as

Palmetto Welding. A utility pole is located 6 or 8 inches from the eastern edge of the curb on Union Street and about 3 to 3½ feet north of the private driveway. The speed limit on Union Street at the place of the accident was 25 miles per hour.

The respondent was on her way to her home located on Union Street in an automobile driven by Bobby Hill. She alighted from the Hill car and walked to the eastern curb of Union Street at a point just north of the utility pole for the purpose of crossing to the western side thereof. Street lights and lights from surrounding business establishments were burning. While she was waiting for traffic coming south on said street to clear she testified that she was standing with her left foot on the curb and her right foot in the street. While she was so standing she saw the car driven by the appellant coming from her left with his car lights burning. A utility pole was between the respondent and the appellant's approaching car. The respondent was struck by the automobile driven by the appellant while she was standing in the position described. Bobby Hill testified that after the respondent got out of his car she walked to a point just about a foot beyond the utility pole and she was standing there apparently waiting for southbound cars on Union Street to pass. He did not see the actual collision and could not tell how far the respondent was in the street at the time she was struck. He said the car of the appellant stopped a couple of car lengths from the point of collision.

This accident was investigated by Larry Bogan, a traffic policeman in the City of Spartanburg. He testified that he found the respondent lying in the east curb gutter area about 20 feet north of a private driveway and her position would be about 16 feet north of the point of impact. This officer examined the appellant's car and found an indentation on the right front bumper and headlight 6½ inches from the right tip of the bumper and an indentation on the right top of the fender 6 feet from the windshield where her head struck

the fender. He checked the lights and the brakes and stated "they were fine."

The appellant testified that he was driving his automobile north in the right lane of Union Street with his headlights on low beam, at a speed of about twenty miles an hour. He further testified that he was keeping a proper lookout and was watching where he was going. He said his brakes and lights were in good working order. He stated that he did not see the respondent "until the moment of contact" and "didn't have a chance to avoid striking her" after he first saw her. Following the collision he applied his brakes and his car came to a stop within two car lengths.

The evidence in this case, viewed in the light most favorable to the respondent, supports the inference that as the appellant on Union Street approached the intersection of Warren Street, the respondent was standing on his right a few feet beyond the intersection at the edge of the street, with her right foot in the gutter and her left foot on the curb, waiting for traffic from the opposite direction to pass. As these automobiles cleared, respondent observed the appellant's car approaching and continued to wait at the edge of the street, apparently thinking that he would not drive so close to the curb as to strike her. The respondent was forward of the utility pole and of the car from which she had alighted. The street was straight; street lights were burning, and there were no apparent obstructions to the appellant's view of her. The appellant does not attempt to explain why he did not see the respondent until the very "moment of impact." It is reasonably inferable that if the appellant had been keeping a proper lookout for pedestrians at or near the intersection, as was his duty, he would have seen the respondent in ample time to make a slight deviation toward the center of his lane of travel which would have saved her from injury. Cf. *Smith v. Canal Ins. Co.,* 228 S. C. 45, 88 S. E. (2d) 780; and *Spearman v. Couch,* 218 S. C. 430, 63 S. E. (2d) 161.

We conclude that the testimony, as to the negligence of the appellant in failing to keep a proper lookout, is susceptible of more than one reasonable inference. This required the submission of the issue to the jury. *Jowers v. Dupriest*, 249 S. C. 506, 154 S. E. (2d) 922.

The appellant's claim that the respondent was guilty of contributory negligence as a matter of law raises no issue for determination by us because such was not a ground of his motion for a directed verdict. *Zemp Const. Co. v. Harmon Bros. Const. Co.*, 225 S. C. 361, 82 S. E. (2d) 531.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

WADE S. WEATEHRFORD, Jr., Acting J., disqualified.