## 20543

Nadine S. EVANS, Respondent, v. STATE FARM MUTUAL AUTO-
MOBILE INSURANCE COMPANY, Appellant.

(239 S. E. (2d) 76)

*Jack L. Nettles, of McGowan, Nettles, Keller and Eaton,*
Florence, *for Appellant,*

*Steve Wukela, Jr.,* of Florence, *for Respondent,*

November 16, 1977.

GREGORY, Justice:

This appeal is from a verdict and award of damages in favor of respondent for alleged fraudulent misrepresentation by appellant in the settlement of an insurance claim. At issue is the lower court's refusal to grant appellant's motion for a directed verdict. We reverse.

 On appeal from the lower court's denial of appellant's motion for a directed verdict, this Court will review the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent, the party against whom the motion was made. *Easler v. Pappas,* 252 S. C. 398, 166 S. E. (2d) 808 (1969).

This case arises out of the collision of the automobile occupied by respondent with that of appellant's insured on December 15, 1973 in Florence. Although

appellant's liability for the damages caused by the collision was questionable, it agreed to pay all medical bills and property damage incurred by respondent and also agreed to provide respondent a rental car while her automobile was being repaired.

On February 4, 1974 respondent and her husband met with appellant's agent at Matthew's Body Shop in Lake City to pick up the repaired automobile. At appellant's request, Mrs. Evans brought all her medical bills to the meeting. Mr. Page, appellant's agent, gave Mrs. Evans a check for the full amount of her medical bills and had her endorse two other checks, one for the full cost of the repairs to her auto and one for the full cost of the rental car. In consideration of these payments Mr. and Mrs. Evans each signed a standard release form releasing appellant from all claims for personal injury or property damage arising out of the accident. The form contained a Schedule of Benefits for future medical expenses by which appellant agreed:

To pay all reasonable and necessary expenses not to exceed $500 incurred for medical, dental or surgical treatment, ambulance, hospital, professional nursing services and prosthetic devices, furnished to the named beneficiary within 180 days of the date of this Agreement, as a result of the accident described herein, provided that such expenses are not paid or payable by any collateral source.

Mr. and Mrs. Evans signed this release without reading it. The record indicates the Evanses were given an opportunity to read the release before signing it but chose not to. Both testified they understood the release when they read it later that day.

After leaving the meeting with Mr. Page, Mr. and Mrs. Evans went directly to Mr. Rogers Kirven, their attorney. No attempt was ever made to contact Mr. Page to revoke the release. Instead, Mrs. Evans brought this action for fraud and deceit, claiming she had been tricked by Mr. Page

into releasing her personal injury claim. At trial, however, both Mr. and Mrs. Evans testified that everything Mr. Page told them at the meeting at Matthew's Body Shop was the truth. Respondent has not incurred medical expenses in excess of the amount State Farm agreed to pay in the Schedule of Benefits, [1] and has not brought suit against appellant's insured for personal injuries.

In *Maw v. McAlister*, 252 S. C. 280, 166 S. E. (2d) 203 (1969), we considered a situation where plaintiff sought to rescind a written release on the ground the release had been obtained by fraud and deceit. There we stated:

. . . "we have consistently followed the rule that ordinarily one cannot complain of fraud in the misrepresentation of the contents of a written instrument signed by him when the truth could have been ascertained by reading the instrument, and that one entering into a written contract should read it and avail himself of every reasonable opportunity to understand its content and meaning." *O'Connor v. Brotherhood of Railroad Trainmen*, 217 S. C. 442, 449, 60 S. E. (2d) 884, 886. 166 S. E. (2d) at 204.

Mr. and Mrs. Evans are mature and intelligent people. Mrs. Evans attended school for eleven and one half years and Mr. Evans attended for nine years. Mr. Evans is employed by Daniels Construction Co. as a pipefitter and is required by his work to read blueprints. Both understood the form when it was finally read, and no explanation was given as to why the release was not read prior to its execution.

---

[1] Mrs. Evans drove her car home after the accident and later went to the Lower Florence County Hospital where she was examined and released. Thereafter she visited her family physician for reasons unrelated to the accident. Mrs. Evans neither complained of any injury to her physician nor informed him of the accident. On February 6, 1974, two days after signing the release and consulting with her attorney, Mrs. Evans was examined by Dr. Kenneth Lawrence, an obstetrician and gynecologist, for conditions she attributed to the accident. Dr. Lawrence placed Mrs. Evans on medication, and submitted a bill dated March 15, 1975 for $200. At trial the jury returned a verdict and award in favor of Mrs. Evans for $200 actual damages and $1100 punitive damages.

Viewing the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent, Mrs. Evans cannot complain of fraud when, as here, the record clearly shows that due diligence on her part would have revealed the true contents of the release. *Maw v. McAlister, supra.*

Since the evidence was susceptible of only one reasonable inference, the question was no longer for the jury but one of law for the court. *Easler v. Pappas, supra.* The trial judge erred by refusing appellant's motion for a directed verdict. In light of this determination, we need not consider the other grounds asserted by appellant for reversal. Accordingly, the case is remanded to the lower court for entry of judgment in favor of appellant.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.