## 20561

Tanya HOUSE, Respondent, v. The EUROPEAN HEALTH SPA, Appellant.

(239 S. E. (2d) 653)

*Turner, Padget,, Graham & Laney,* of Columbia, *for Appellant,*

*Barry B. George,* of Columbia, *for Respondent,*

December 7, 1977.

RHODES, Justice.

This is a personal injury action arising out of an incident in which Tanya House (Respondent) alleges she slipped on a foreign substance while entering a shower at the European Health Spa (Appellant). From a verdict for actual damages in favor of Respondent, the European Health Spa appeals arguing, among other questions, that it is not liable in that the only reasonable inference to be drawn from the evidence is that Respondent was guilty of negligence which contributed as a proximate cause of her injury. We agree and reverse.

In considering an appeal from the trial court's denial of Appellant's motion for a directed verdict, this Court will review the evidence and all inferences reasonably deducible therefrom in the light most favorable to Respondent. *Easler v. Pappas,* 252 S. C. 398, 166 S. E. (2d) 808 (1969).

Respondent's case was based solely on her own testimony. She had become a member of the Spa in May of 1974. She testified that she had used the facilities of the Spa on several occasions prior to her fall on June 30, 1974, and that on each occasion the showers were slippery, filthy and dirty. Further, she stated that she had slipped on some of these occasions due to these conditions. Her testimony reveals that upon entering the shower on the date with which this case is concerned, she did not look down at the condition of the shower step or floor, but simply took a step and fell.

The following excerpts from the testimony of Respondent are indicative of the lack of care exercised by her on this occasion.

Q. . . . Where were you stepping when you fell?

A. Stepping into the shower, stepping to the step to go to the shower.

Q. You were stepping up on this little divider between the showers and this hall?

A. Right.

Q. You had your foot on that divider?

A. Right.

Q. You were going to step on that divider?

A. Right.

Q. And that is when you fell? Is that correct?

A. Yes.

Q. Did you look on the top of that little divider before you stepped down?

A. No, I didn't look.

Q. Didn't look? Did you see anything on that?

A. No.

Q. You just put your foot there and fell down?

A. Yes.

Q. And that is all you know?

A. That is all I know.

It is established law in this jurisdiction that one who explicitly or implicitly, invites others on his premises for lawful purpose is not an insurer of their safety, but if unsafe conditions exist on the premises which are known to him, but unknown to them, he must warn them. *Bradford v. F. W. Woolworth Co.,* 141 S. C. 453, 140 S. E. 105.

It is equally well settled that *one who, with knowledge of conditions, goes into danger, he assumes the consequences* and, even though there be negligence on the part of the other, if the complainant suffer hurt to which his negligence contributed as a proximate cause, without which it would not have occurred, he is barred of recovery.

*Bolen v. Strange,* 192 S. C. 284, 6 S. E. (2d) 466, 468-69 (1939) (emphasis added); *accord Baker v. Clark,* 233 S. C. 20, 103 S. E. (2d) 395 (1958).

By her own admission, Respondent knew, firsthand, the usual condition of the showers and the danger posed. Yet, without ever having protested the danger or ascertaining the condition of the showers on the day in question, she heedlessly proceeded to expose herself to the risk presented. The conduct of the Respondent constitutes contributory negligence as a matter of law, and there is no question that such negligence was a contributing proximate cause of the injury. While it is generally true that contributory negligence is a question for determination by the jury, it is also true that when the evidence admits of but one reasonable inference, it becomes a matter of law for the determination of the court. The trial court was in error in submitting the case to the jury.

In the light of the foregoing disposition, we do not reach the other questions presented on this appeal.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS, and GREGORY, J. J., concur.

Ness, Justice (concurring):

At the trial level the judge consistently instructed the jury they had to find negligence on the part of the defendant before they could reach the issue of whether or not the plaintiff was contributorily negligent. Here the majority opinion apparently assumes negligence as the issue is not addressed. I would hold that respondent has failed to establish an actionable omission or commission on the part of the appellant.

The burdent of proof is squarely upon the respondent in a slip and fall case resulting from a foreign substance on the floor to establish that the owner had either allowed the substance to accumulate or had done nothing to remove it or to warn patrons of its existence. *Orr v. Saylor,* 253 S. C. 155, 169 S. E. (2d) 396 (1969). Such proof was not adduced by the respondent and accordingly the trial judge erred in submitting the issue of the appellant's negligence to the jury. The testimony by respondent concerning the condition of the floor on prior occasions does not suffice to establish the proximate cause of her fall on the instant occasion.