20942

Wessie POWELL, Appellant, v. BONITZ INSULATION COMPANY OF SOUTH CAROLINA, INC. and George Shumpert, Respondents.

(254 S. E. (2d) 311)

*Bernard D. Dusenbury* and *Richard G. Dusenbury,* Florence, *for appellant.*

*Jeter E. Rhodes, Jr.,* Columbia, *for respondent Bonitz Insulation Co. of S. C., Inc.*

*J. Reese Daniel,* Columbia, *for respondent Shumpert.*

April 19, 1979.

GREGORY, Justice:

Appellant Wessie Powell brought this action against respondent Bonitz Insulation Company of South Carolina, Inc., and George Shumpert to recover actual and punitive damages for personal injuries. This appeal is from the order of the lower court granting respondents' motions for summary judgment. We affirm.

This is a trip and fall case. On or about February 7, 1976, the Federal Land Bank of Florence and the Pee Dee Production Credit Association moved their offices into a newly constructed two-story building. The building had been substantially completed except for the installation of carpeting on an interior stairway connecting the first and second floors. The carpeting had been installed on the second floor landing, but had not been installed on the stairs. A small flap of carpeting hung over the edge of the second floor landing leading down to the first step. Respondents were responsible for the carpet installation.

The employees of the Pee Dee Credit Association and the Federal Land Bank were made aware of the unfinished condition of the carpet on the stairway, but the stairway was not closed. The building has an elevator.

On March 10, 1976, Ms. Powell, an employee of Pee Dee Production Credit Association, tripped on the flap of carpet on the second floor landing and fell down the stairs sustaining personal injuries. She brought this action in May 1977.

The lower court granted respondents' motions for summary judgment after finding that Ms. Powell's informed disregard of the hazardous condition of the carpet equated with

any negligence or recklessness on the part of the respondents. This appeal by Ms. Powell followed.

On appeal from an order granting respondents' motions for summary judgment this Court will review the evidence and all reasonable inferences therefrom in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and an inquiry into the facts is not necessary to determine the application of the law. *Hyder v. Jones,* S. C., 245 S. E. (2d) 123 (1978).

The carpeting was left unfinished on the stairs because respondents ran out of nosing strips which were to be installed on the stairs together with the carpet. Additional nosing strips were ordered. The only evidence in the record indicates that the strips arrived on March 10, 1976, the day of Ms. Powell's accident.

Ms. Powell had actual knowledge of the condition of the carpeting in the stairwell before she moved into the new building on February 7, 1976. She knew the stairwell was left unfinished for the reason that respondents were waiting for additional materials. Ms. Powell nevertheless chose to use the stairs rather than the available elevator because she "enjoyed walking up stairways." Ms. Powell used this stairway from six to eight times per day from February 7, 1976 to March 10, 1976. She was aware that several of her co-workers had experienced some difficulty on the stairs because of the condition of the carpet. On the day of the accident her view of the stairway was unobstructed.

The carpet was securely glued to the second floor landing. The overhanging flap of carpet was carefully creased "like a piece of paper" to make it hang straight down. When the carpet was inspected after Ms. Powell's accident on March 10, 1976 it was found to be in the same condition it was left on February 7, 1976. There is no evidence that the carpet became loose or that the flap of carpet had curled up. The stairwell was obviously unfinished. A person standing on the carpeted second floor landing would look down upon uncov-

ered concrete steps and an uncovered first floor landing. The appearance of the stairwell served as a constant reminder to Ms. Powell of the potential risk she took every time she chose to use the stairs rather than the elevator.

We quote briefly from *House v. European Health Spa,* 269 S. C. 644, 239 S. E. (2d) 653 (1977):

By her own admission, Respondent knew, firsthand, . . . of . . . the danger posed. Yet, . . . she . . . proceeded to expose herself to the risk presented. The conduct of the Respondent constitutes contributory negligence as a matter of law, and there is no question that such negligence was a contributing proximate cause of the injury. While it is generally true that contributory negligence is a question for determination by the jury, it is also true that when the evidence admits of but one reasonable inference, it becomes a matter of law for the determination of the Court. 239 S. E. (2d) at 655.

The rationale expressed in *House,* is applicable here. Ms. Powell was fully aware of the condition of the stairway and chose to expose herself to a known risk rather than take a less hazardous route. The lower court correctly found that in doing so she was guilty of negligence and recklessness as a matter of law.

Accordingly, the order of the lower court granting respondents' motions for summary judgment is affirmed.

Affirmed.

RHODES, J., and JOSEPH R. Moss, Acting Associate Justice, concur.

LEWIS, C. J., and LITTLEJOHN, J., dissent.

LEWIS, Chief Justice (dissenting):

This action was brought by appellant to recover for personal injuries sustained by her when she fell on an interior stairway of the Federal Land Bank of Florence and the Pee Dee Production Credit Association office building in Florence where she worked. She alleged that her injuries resulted from the negligent, reckless, and wilful acts of respondent in

partially completing the installation of carpeting on the stairway and leaving it in such dangerous condition as to cause the most careful user of the stairway to fall. The lower court concluded that appellant was barred of recovery by her own contributory negligence and recklessness as a matter of law and granted respondents' motion for summary judgment, from which appellant has prosecuted this appeal.

In 1976 Production Credit Association and the Federal Land Bank engaged respondents to install the carpet in their newly constructed two-story building. The building was occupied on February 7, 1976 and had been completed except for the laying of the carpet on the stairway. The carpeting had been completed on the second floor to the top of the stairway, where the carpet was cut so as to extend over the floor and hang down. Respondents failed to anchor this flap and left it hanging loose and unattached.

There was an elevator between the two floors of the building but the employees also used the stairway which was provided for their use.

The partially and defectively installed carpet at the head of the stairway was allowed to remain in this condition by respondents from February 7 through March 10, although they were repeatedly warned that the users of the stairway often tripped over the loose carpet.

This record conclusively shows that the respondents were guilty, as a matter of law, of reckless, wilful, and wanton conduct in creating and leaving the dangerous condition in the partially installed carpet. The question at issue then is whether on a motion for summary judgment the record conclusively shows that appellant was guilty of contributory recklessness and wilfulness as a matter of law. This record does not so show.

It is reasonably inferable that appellant and the other employees were expected to use the stairway, as well as the elevator, in going from one floor of the building to the other. The continued *necessity* to pass over the dangerous condi-

tion was calculated at some point in time to reduce the degree of negligence of appellant in exposing herself to the danger. And, as pointed out by appellant, the culpability of respondents, knowing of the necessity of appellant to use the stairway, would increase with the long persistent failure to reduce the hazard to which they had consciously exposed the employees using the building.

Much reliance is placed, in summarily barring appellant of recovery, upon the fact that she admitted knowledge of the hazard which caused her to fall. She also stated in her deposition: ". . . I was adjusted to being careful, to the hanging over carpet, and we were looking forward every day to the carpet being fixed. You adjust after a while when you know something is hazardous." In using the stairway on the occasion in question, as she was expected to do by her employer, she stated that, in passing over the dangerous condition created and permitted to remain by respondents, she exercised caution but, for some reason, she tripped and fell.

Under these circumstances, whether appellant was guilty of contributory negligence or contributory recklessness was an issue for the jury to determine and cannot be properly determined on a motion for summary judgment. If appellant was guilty of only contributory negligence, she would not be barred of recovery in view of the undisputed reckless conduct of respondents.

I would reverse the judgment and remand for a trial of the issues.

LITTLEJOHN, J., concurs.