LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.

21025

John Keith COKER, Respondent, v. PIGGLY WIGGLY OF DARLINGTON, Appellant.

(261 S. E. (2d) 699)

*Heyward McDonald* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for appellant.*

*Vinton D. Lide* of *Shand, Lide & Stanton,* Hartsville, *for respondent.*

August 7, 1979.

*Per Curiam:*

Respondent John Keith Coker brought this action against appellant Piggly Wiggly of Darlington to recover actual and punitive damages for personal injuries he sustained to his back and neck when he slipped and fell on an exit ramp outside the appellant grocery store. The case was submitted to a jury and a verdict was returned for Mr. Coker in the amount of one hundred twenty-five thousand ($125,000.00)

dollars actual damages and twenty-five thousand ($25,000-.00) dollars punitive damages. The trial judge granted Piggly Wiggly's motion for a new trial *nisi* and reduced the award of actual damages to ninety thousand ($90,000-.00) dollars.

On appeal Piggly Wiggly contends the trial judge erred (1) by refusing its motion for a directed verdict and (2) by refusing its motion for a new trial absolute. We affirm.

First, Piggly Wiggly argues it was entitled to a directed verdict because Mr. Coker was contributorily negligent and reckless as a matter of law. This argument is based on Mr. Coker's testimony that he knew the exit ramp was wet with rain on the day of the accident, but nevertheless chose to walk down the ramp despite the potential danger posed by the wet ramp. Piggly Wiggly relies on *House v. European Health Spa*, 269 S. C. 644, 239 S. E. (2d) 653 (1977) for the proposition that one who heedlessly exposes himself to a known risk is contributorily negligent as a matter of law. See also *Powell v. Bonitz Insulation Company of South Carolina*, S. C., 254 S. E. (2d) 311 (1979). While it may be true that Mr. Coker knowingly exposed himself to the risk presented by a wet ramp, the risk he was actually exposed to was far greater than that presented by a mere wet ramp.

The testimony in the record indicates that the exit ramp in question was constructed of rough finished concrete with lines ranked into the concrete running from top to bottom rather than from side to side. The ramp has been painted with a slick-finish yellow paint, which, according to several witnesses, significantly reduced the abrasive qualities of the concrete. Piggly Wiggly had actual knowledge that many of its customers had slipped on the ramp.

Unlike *House, supra,* and *Powell, supra,* it does not appear from the record in this case that Mr. Coker knew the extent of the danger posed. There is no testimony that Mr.

Coker knew that other customers had slipped on the ramp, and there is no testimony that he himself had ever experienced any difficulty on the ramp. The testimony does not establish as a matter of law that Mr. Coker heedlessly exposed himself to the danger posed by an excessively steep, slick-painted, wet ramp. At best, the evidence created a question of fact that was properly submitted to the jury.

Second, Piggly Wiggly argues it was entitled to a new trial absolute because the verdict was so excessive as to indicate that the jury was moved by passion, prejudice, or other considerations not founded on the evidence and the instructions of the trial judge. Under the principles enunciated in *Haltiwanger v. Barr,* 258 S. C. 27, 186 S. E. (2d) 819 (1972), coupled with the fact that Mr. Coker sustained a serious permanent injury, we cannot say that the verdict of the jury was not founded on the evidence and the instructions of the trial judge.

Affirmed.