21778

Eileen MERRIMAN, Appellant, v.
SEA PINES PLANTATION COMPANY, Respondent.
(294 S. E. (2d) 423)

*Roberts Vaux*, of *Law Offices of Roberts Vaux, P. A.*, Hilton Head Island and *Ralph C. McCullough, II*, Columbia, *for appellant.*

*John J. McKay, Jr.*, and *Frank F. Pape, Jr.*, of *Law Offices of John McKay, Jr.*, Hilton Head Island, *for respondent.*

August 10, 1982.

LEWIS, Chief Justice:

Appellant was injured in a shopping area known as Harbour Town, Sea Pines Plantation, in Beaufort County, when she slipped and fell on a walkway made of ground oyster shells. Upon the trial of the case, the trial judge granted respondent's motion for an involuntary nonsuit, holding that, while there was some evidencee of negligence on the part of respondent in maintaining the walkway, appellant was guilty of contributory negligence as a matter of law, thereby barring her of recovery. Appellant contends in this appeal that the granting of the nonsuit was error. We agree.

Under the exceptions and additional sustaining ground, the question is whether there was any competent evidence to sustain a reasonable inference of actionable negligence and, if so, whether the evidence establishes that appellant was guilty of contributory negligence as a matter of law so as to bar her of recovery.

Appellant was walking along a path in the shopping area when she fell. She testified that on entering upon the walkway she noticed a garden hose stretched across the path connected to an operating sprinkler. She observed nothing unusual about the hose or the walkway and determined, as would be normal, to simply step over the hose. When she attempted to do so, her foot slipped from under her, causing her heel to catch in the hose, and she fell forward, suffering the injuries for which she now seeks recovery.

Appellant and her daughter testified that the walkway was very wet (her clothing became "soaked" on contact), but

apparently this wet condition could not be readily seen due to the "light white" color and porous texture of the ground oyster shell path.

It is undisputed that respondent owned and maintained the premises and path where appellant fell and that respondent owned and placed the garden hose across the path.

It is well settled that respondent, while not an insurer, owed the plaintiff the duty of exercising ordinary care to keep the path or walkway in question in a reasonably safe condition for use by the public. *Bruno v. Pendleton Realty Co., Inc.*, 240 S. C. 46, 124 S. E. (2d) 580; *Abeles v. Great Atlantic & Pacific Tea Co.*, 244 S. C. 508, 137 S. E. (2d) 604; *Coker v. Piggly Wiggly of Darlington*, 274 S. C. 55, 261 S. E. (2d) 699.

The questions of actionable negligence or recklessness and contributory negligence or recklessness presented disputed factual issues which should have been submitted to the jury for determination. It is inferable that the porous, light colored oyster shell path obscured the presence of underlying water which had accumulated from a leaking hose placed there by respondent's agents and that the walkway was made less firm by the wet condition. While there is no direct testimony that the oyster shell surface was slippery when wet, such is reasonably inferable from the testimony of appellant that her foot slipped when she reached the wet area and other testimony that the walkway was less firm when wet. There was also testimony that the laying of garden hose across the walkways in the area was a common practice of respondent in the maintenance of the grounds and that complaints had been made to respondent about the dangers of the practice to shoppers.

We think the evidence sustains a reasonable inference that the leaking hose across the walkway created a dangerous condition to pedestrians, that this condition was known to respondent or its agents or should have been known in the exercise of due care.

Respondent argues that the trial judge properly granted the nonsuit because appellant was contributorily negligent and reckless as a matter of law. This contention is based upon the fact that appellant admittedly saw the garden hose across the path, from which respondent contends appellant, knowing of the dangers, failed to take reasonable precautions for her own safety.

The case of *Coker v. Piggly Wiggly of Darlington, supra,* presented a similar factual situation. In that case, plaintiff fell on a wet ramp. While the fact that the ramp was wet was observed by plaintiff, he did not observe its deceptively slippery condition. In holding that plaintiff under those circumstances was not guilty of contributory negligence so as to bar recovery the court stated:

> While it may be true that Mr. Coker knowingly exposed himself to the risk presented by a wet ramp, the risk he was actually exposed to was far greater than that presented by a mere wet ramp.

So, in this case, it is inferable that the mere exposure of appellant to the garden hose across the path did not cause her to fall, but rather that she fell when her foot slipped and caught in the garden hose because of the deceptively wet condition of the walkway. The testimony did not establish as a matter of law that appellant was guilty of contributory negligence, but created a question of fact which the trial judge should have submitted to the jury for determination.

Judgment is accordingly reversed and the cause remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.