21795

Dorothy E. KING, Respondent, v.
DANIEL INTERNATIONAL CORPORATION, Appellant.
(296 S. E. (2d) 335)

*W. Francis Marion* and *W. Francis Marion, Jr.,* of *Law Offices of Haynesworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Ernest J. Howard* and *T. Preston Reid* of *Law Offices of Griffin & Howard,* Greenville, *for respondent.*

October 6, 1982.

HARWELL, Justice:

Respondent's negligence action was initiated to recover for injuries she sustained as she was leaving work. Respondent fell in the Michelin Tire Corporation parking facility which appellant was constructing. Finding appellant negligent, the jury awarded respondent one hundred fifty thousand dollars ($150,000) actual damages. Appellant's motions for summary judgment, directed verdict, judgment n.o.v., or in the alternative for a new trial were all denied. We affirm.

In August 1973 Michelin Tire Corporation contracted with appellant to have it construct a processing plant in Greenville, South Carolina. In April 1975, although not completed, Michelin Tire Corporation was operating with several shifts of employees. Around 12:30 a.m. on April 5, 1975 as respondent and a co-worker were traversing the parking facility, respondent fell into an uncovered drainage ditch and against the drainage pipe. Appellant's employees had been working on the facility the previous afternoon. Even though light fixtures had been installed, they were not lighted when the accident occurred. Respondent has recovered Workmen's Compensation benefits from Michelin Tire Company.

Initially, appellant contends that it was not a "third person" as contemplated by the Workmen's Compensation Act but rather it was conducting Michelin's business; therefore, pursuant to S. C. Code, Ann. § 42-5-10 (1976), the respondent's exclusive remedy was under the Act. By

constructing the Michelin plant, appellant alleges it was an employee of Michelin and a co-employee of respondent. This argument is without merit. Although it is true this Court has interpreted § 42-5-10 to preclude actions aganist co-employees, *Parker v. Williams & Madjanik, Inc.*, 269 S. C. 662, 239 S. E. (2d) 487 (1977); *Nolan v. Daley*, 222 S. C. 407, 73 S. E. (2d) 449 (1952), we conclude that appellant was an independent contractor of Michelin and not its employee. The relevant portion of the contract between appellant and Michelin Tire Corporation states:

> Section GC.4 *Contractor-Independent and Responsible.* The contractor shall be an independent contractor and shall have complete control of his organization and shall exercise direct supervision of the work done by his forces.

We have stated that the protection of § 42-5-10 does not "extend to independent contractors performing work pursuant to their contract with the employer of the injured person." *Parker v. Williams & Madjanik, Inc.*, supra.

Next appellant contends that even if the Workmen's Compensation Act did not bar the action, the case must fail because it did not breach any duty it owed, if any, to respondent. Respondent and her co-employees testified that they did not observe any ditch or hole in the parking lot as they traversed the lot on their way to work the afternoon of April 4, 1975. When respondent left her night shift employment, the unlighted parking lot was very dark. Respondent and her co-employees agree that there was no visible warning device at the drainage ditch. As appellant constructed the parking lot in April 1975, it was aware that Michelin's production employees parked there. Appellant, an independent contractor, was charged with a duty of due care to leave the premises in a safe condition, that is, free from any hazards to safety which it may have created. *Smith v. Fitton and Pittman, Inc.*, 264 S. C. 129, 212 S. E. (2d) 925 (1975); *Edward's of Byrnes Downs v. Charleston Sheet Metal Company*, 253 S. C. 537, 172 S. E. (2d) 120 (1970). At the least, appellant's duty was to warn respondent and Michelin's other employees of the existence of an open ditch in the unlighted parking lot. *House v. European Health Spa*, 269 S. C. 644, 239 S. E. (2d) 653 (1977).

Appellant also alleges the trial court erred in striking the defense of assumption of the risk. We disagree.

Respondent would have assumed the risk only if she had freely and voluntarily exposed herself to a *known danger* of which she understood and appreciated the danger. *Canady v. Martschink Beer Distributors, Inc.*, 255 S. C. 119, 177 S. E. (2d) 475 (1970); *Turner v. Sinclair Refining Company*, 254 S. C. 36, 173 S. E. (2d) 356 (1970). It is uncontroverted that neither respondent nor her co-workers knew of the existence of the ditch. Respondent used the employee parking lot as a matter of right and by necessity and had a right to have the premises in a reasonably safe condition with proper warning of the latent peril.

After the defense of contributory negligence was submitted to it, the jury found that respondent was not contributorily negligent. However, appellant asserts that respondent was guilty of contributory negligence as a matter of law. The question of contributory negligence is within the sole province of the jury unless there is but one reasonable inference to be drawn therefrom, and the act itself is one about which ordinary minds could not differ in deciding it to be both negligent or reckless and the proximate cause of the injury. *Bruno v. Pendleton Realty Company*, 240 S. C. 46, 124 S. E. (2d) 580 (1962). It rarely becomes a question of law for the Court's determination. *Joiner v. Fort*, 226 S. C. 249, 84 S. E. (2d) 719 (1954). Appellant cites *House v. European Health Spa*, supra; *Powell v. Bonitz Insulation Co. of S. C., Inc.*, 273 S. C. 98, 254 S. E. (2d) 311 (1979); and *Bolen v. Strange*, 192 S. C. 284, 6 S. E. (2d) 466 (1939) to support its argument. However, in those cases, the plaintiff was *aware* of the risk, yet exposed himself to the known danger. All the evidence indicates respondent was unaware of the ditch in the dark parking facility. The existence or lack of contributory negligence was for the jury's determination.

Appellant contends it was prejudiced when the trial court refused to continue the case for one week after it had been moved ahead of one case on the roster to accommodate a medical witness. This argument is without merit. At trial appellant expressed to the court that it wished to try the companion case, respondent's husband's loss of consortium claim, that same day. Appellant's statement at trial is inconsistent with its present exception.

Finally, appellant asserts the jury's verdict of $150,000 was excessive and the trial court erred in not setting it aside. We disagree. Respondent had worked continuously in the mills for twenty-five to thirty years. At the time of her accident, she was earning $8,000 a year, but according to a Michelin supervisor, would have been earning approximately $17,000 annually by the time of the trial. Since respondent's accident and consequent knee surgery, she has worn a metal leg brace prescribed by her physician. She also uses a cane. She testified that she suffers almost constant pain and occasional swelling in her leg. Her physician concluded that she had a ten percent impairment of her arm and a thirty percent impairment of her right leg. He also stated she probably would suffer from arthritis because of the knee surgery.

This Court will not usually interfere in the amounts of verdicts, the matter being ordinarily within the sound discretion of the trial judge, unless the verdict is so grossly excessive as to be deemed the result of a disregard of the facts and of the court's instructions, and to be due to passion and prejudice rather than reason. *Bruno v. Pendleton Realty Company*, supra. A verdict which may be supported by any rational view of the evidence and bears a reasonable relationship to the character and extent of the injury and damage sustained is not excessive. *Young v. Warr*, 252 S. C. 179, 165 S. E. (2d) 797 (1969). We cannot say as a matter of law that the trial court committed an abuse of discretion or error of law in refusing a new trial, on the ground that the $150,000 verdict is exorbitant and excessive, or that such was the result of a disregard of the facts and of the instructions of the court, and was due to passion and prejudice, or other considerations not founded upon the evidence.

Appellant's other exceptions are without merit and are disposed of under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.