0005

Robert M. DUKE, Appellant, v. WESTVACO DEVELOPMENT CORPORATION, Respondent.

(309 S. E. (2d) 293)

Court of Appeals

*Arthur G. Howe* and *Carl H. Jacobson, Uricchio, Howe & Krell,* Charleston, *for appellant.*

*G. Dana Sinkler, Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

Nov. 14, 1983.

SANDERS, Chief Judge:

Appellant Duke was injured when he drove his truck into a ditch which stretched across a road owned by respondent Westvaco. The trial judge granted a nonsuit in favor of Westvaco on the grounds Duke was a trespasser and was guilty of contributory negligence. Duke also appeals from the order of the trial judge excluding testimony of two witnesses and refusing to continue the case for trial. We reverse.

The road in question was, at one time, a public highway known as Trolly Road. This road was conveyed to Westvaco by quit claim deed dated March 14, 1978. However, people not connected with Westvaco continued to use the road after this date. Duke testified that he had used it "lots of times" in previous years, but not since about 1974 or 1975.

On the night of November 12, 1978, Duke turned onto Trolly Road at its intersection with Ladson Road, a public highway near Charleston, intending to drive to Summerville. At the point Duke entered, there were two posts on either side of Trolly Road and a section of pavement covered over with dirt. However, there was nothing blocking entrance or otherwise indicating the road was closed. To the contrary, Duke testified

that he saw another car coming out of the road as he turned onto it.

Duke testified further that he drove along Trolly Road, reaching a speed of "about fifty" for a distance of approximately two and one-half miles. He was blinded by the headlights of another car which appeared to be coming toward him and ran into a ditch "right in the road." Photographs in the record show this ditch as blocking Trolly Road.[1]

According to Duke, the ditch was about four feet deep and nine feet wide. His testimony is consistent with the photographs which also show Trolly Road to be paved and painted with a center line, as are the public highways of this state.

The engineering manager for Westvaco conceded in his testimony that there were no signs posted saying the road was not in use or available to the public. He further conceded that he knew other people used the road after Westvaco acquired it. Finally, this witness admitted he was aware of the ditch and the fact that there were no warnings of its presence.

Duke first contends that under these facts, the questions of whether he was a trespasser and whether Westvaco wilfully inflicted his injury should have been submitted to the jury. In ruling on a defendant's motion for nonsuit, evidence ██ must be viewed in the light most favorable to the plaintiff. *Associate Management, Inc. v. E. D. Sauls Construction Company*, 305 S. E. (2d) 236 (S. C. 1983). Where more than one reasonable inference can be drawn from the evidence, the issues of whether a plaintiff is a trespasser and a defendant is guilty of wilfulness are not matters of law to be determined by the court. *Pryor v. Atlanta-Charlotte Airline R. Co.*, 179 S. C. 423, 184 S. E. 137 (1936). In our view of the evidence here, the trial judge erred in not submitting these issues to the jury.

---

[1] From this testimony alone, it might be difficult to understand how Duke could have seen headlights coming toward him on Trolly Road just prior to the accident, when the end of the road was blocked by the ditch. A diagram from the record is attached to this opinion for clarification. (See attached.) Duke was traveling on the road designated on this diagram as "Trolly Road." As he approached the point at which this road intersected with the curve of the road designated as "New Trolly Road," he could very well have seen the headlights of a car which appeared to be coming toward him on the old road, but was instead proceeding on the new road.

As to the question of contributory negligence, Westvaco argues Duke drank one beer just prior to the accident, was driving 50 m.p.h., and did not stop or apply the brakes when blinded by the lights of another car. Westvaco also contends Duke's crossing double yellow lines and ignoring the posts and dirt strip at the entrance of Trolly Road constituted contributory negligence.

The rules of law previously discussed also govern the submission of this issue to the jury. *King v. Daniel International Corporation,* 278 S. C. 350, 296 S. E. (2d) 335 (1982); *House v. European Health Spa,* 269 S. C. 644, 239 S. E. (2d) 653 (1977). In light of the evidence presented, it cannot be said, as a matter of law, that Duke was contributorially negligent.

The facts in this case are not analogous to those of *Edwards v. Bloom,* 246 S. C. 346, 143 S. E. (2d) 614 (1965), cited by Westvaco. There, plaintiff persisted in driving while blinded by the sun. Here, a reasonable inference could be drawn that Duke was only momentarily blinded by the lights of another car. Westvaco's remaining arguments on this issue present questions of fact for the jury. Accordingly, the trial judge also erred in directing a nonsuit on this ground.

Finally, we must deal with the trial judge's excluding certain testimony and denying Duke's motion for a continuance. Exclusion of a witness whose name is not given in answer to an interrogatory is a matter within the discretion of the trial judge, who is under a duty to ascertain the type of witness involved, content of the testimony, nature of the neglect, and degree of surprise to the opposing party. *Laney v. Hefley,* 262 S. C. 54, 202 S. E. (2d) 12 (1974). A motion for a continuance is also addressed to the sound discretion of the trial judge, whose ruling is not disturbed on appeal absent an abuse of that discretion. *Purex Corporation v. Walker,* 278 S. C. 388, 296 S. E. (2d) 868 (1982).

The testimony of two additional witnesses for Duke was excluded because Duke sought to add them to his list of witnesses the afternoon of trial, having supplemented his Answer to Interrogatories twice previously. The trial judge made the appropriate inquiries of counsel and permitted an offer of proof concerning the excluded testimony.

Under the circumstances as they existed at the time of trial,

and in view of the time constraints then involved, we find no abuse of discretion by the trial judge. However, because this case must be retried in accordance with our rulings on the other issues, the trial judge may have to address again the question of excluding the testimony of these witnesses, taking into account the circumstances existing at that time.

Reversed and remanded.

GARDNER and BELL, JJ., concur.