**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth Lofton, Appellant,

v.

Berkeley Electric Cooperative, Inc. and John Lucas Tree Expert, Co., Respondents.

Appellate Case No. 2019-000574

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-089
Heard December 6, 2021 – Filed March 2, 2022

———————

**REVERSED AND REMANDED**

———————

Michael Ashley Whitsitt, of The Whitsitt Law Firm, of Mount Pleasant, for Appellant.

Sterling Graydon Davies, of McAngus Goudelock & Courie, LLC, of Columbia; and Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, both for Respondent John Lucas Tree Expert Company.

John B. Williams and J. Jay Hulst, of Williams & Hulst, LLC, of Moncks Corner; and Pope D. Johnson, III, of Pope D. Johnson, III, Attorney at Law, of Columbia, all

for Respondent Berkeley County Electric Cooperative,
Inc.

_____

**PER CURIAM:**  In this civil action, Elizabeth Lofton appeals the circuit court's grant of summary judgment in favor of Berkeley Electric Cooperative, Inc. (Berkeley Electric) and John Lucas Tree Expert Company (John Lucas) (collectively, Respondents) finding Lofton lacked constitutional standing.  Lofton argues the circuit court (1) erred by finding she lacked standing in her personal capacity and (2) abused its discretion by not allowing her to make a curative amendment to her complaint.  We reverse and remand to the circuit court for further proceedings.

Lofton filed her original complaint on July 1, 2015, against Berkeley Electric.  She subsequently moved to amend her complaint to add John Lucas as a defendant, and the circuit court granted the motion by consent order.  On January 19, 2016, Lofton filed an amended complaint alleging several causes of action against Respondents, including trespass, conversion, negligence, and gross negligence; violation of the South Carolina Timber Statute;[1] fraud and negligent misrepresentation; and violation of the South Carolina Unfair Trade Practices Act.[2]

In her amended complaint, Lofton alleged she owned the damaged property (the Property) and it was titled in her name.  During the pendency of the action, however, it became clear that the Property was actually owned by her mother's trust, the Irene N. Lofton Revocable Living Trust (the Trust).  Respondents did not dispute that Lofton was the trustee of the Trust and she and her brothers were the beneficiaries.[3]

In October 2016, Respondents filed motions for summary judgment, arguing Lofton lacked standing in her personal capacity because the Trust owned the Property.  These summary judgment motions were not heard because Lofton's action was stricken from the docket pursuant to Rule 40(j), SCRCP.  The action was restored to the docket in January 2018.  In August and September of 2018, John Lucas and Berkeley Electric, respectively, filed motions for summary

_____

[1] S.C. Code Ann. § 16-11-580 (2015).
[2] S.C. Code Ann. §§ 39-5-10 to -730 (1976 & Supp. 2021).
[3] Berkley Electric negotiated with Lofton as an individual—not as trustee—in entering the easement from which this case arises.

judgment, reiterating Lofton lacked standing to bring the action in her personal capacity.

Lofton filed a motion to amend and a response to Respondents' motions for summary judgment on the day of the summary judgment hearing. Her motion to amend sought leave to change the named plaintiff to herself as trustee of the Trust pursuant to Rule 15, SCRCP. In her response to Respondents' summary judgment motions, Lofton conceded that, as named, she lacked standing to bring her claims in her personal capacity. Lofton intended to show that amending the pleadings to reflect Lofton as the named trustee would remedy the standing defect and would not prejudice Respondents.

During the November 26, 2018 summary judgment hearing, Lofton acknowledged the Trust owned the Property and the complaint should have been filed in the Trust's name. Lofton indicated she filed a motion to amend the complaint to change the named plaintiff to herself as trustee of the Trust. Lofton asked the circuit court for leave to make this amendment, arguing the law would favor an amendment over dismissal of her claims.

The circuit court granted Respondents' motions for summary judgment pursuant to Rule 56, SCRCP, on February 22, 2019. The circuit court concluded Lofton lacked constitutional standing in her personal capacity, finding she did not suffer an injury-in-fact because the alleged damage occurred to property the Trust—not Lofton—owned.

Lofton filed a motion to reconsider pursuant to Rules 59 and 60, SCRCP, arguing the circuit court erred in finding she lacked standing as personal representative of her mother's estate rather than determining whether she had standing as successor trustee of the Trust. She maintained a simple amendment to the complaint would remedy the defect, her motion to amend was then properly before the court, and an amendment would not prejudice Respondents. In the alternative, she argued an amendment was not necessary because she had statutory standing to bring the claim in her personal capacity pursuant to section 62-7-816(24) of the South Carolina Code (2022).[4] The circuit court summarily denied Lofton's motion to reconsider.

---

[4] (permitting a trustee to "prosecute or defend an action, claim, or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties").

As to Lofton's argument she had statutory standing to bring the claims in her personal capacity, we find this issue is not preserved for appellate review. *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider."). Lofton first raised the argument of statutory standing in her Rule 59(e), SCRCP, motion to reconsider. Moreover, Lofton repeatedly conceded that she lacked standing in her personal capacity during the summary judgment hearing and in her response to Respondents' motions for summary judgment. *See Vaughan v. Kalyvas*, 288 S.C. 358, 362, 342 S.E.2d 617, 619 (Ct. App. 1986) (declining to allow appellants to assert a position on appeal that was contrary to their concession at trial); *King v. Daniel Int'l Corp.*, 278 S.C. 350, 354, 296 S.E.2d 335, 337 (1982) (finding an argument raised on appeal that was inconsistent with appellant's statement at trial was without merit).

As to Lofton's argument concerning constitutional standing, we find this issue is not properly before this court because Lofton raised it for the first time in her reply brief. *See McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief.").

As to Lofton's argument that the circuit court abused its discretion in failing to allow her to amend her complaint, we conclude the circuit court abused its discretion in failing to rule upon the pending motion. *See* Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course . . . . Otherwise[,] a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party."); *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017) ("This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." (quoting *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005))); *id.* at 490, 804 S.E.2d at 262 ("[A] court's failure to exercise its discretion [under Rule 15(a)] is itself an abuse of discretion."); *id.* at 498, 804 S.E.2d at 266 ("Rules 15(a)[ and] 15(c) . . . provide there should be no unnecessary dismissal, but rather the parties and the trial court should work to reach the merits."). In *Skydive Myrtle Beach, Inc. v. Horry County*, our supreme court held the circuit court erred in failing to consider the appellant's motion to amend its complaint when the circuit court found the complaint failed to "state facts sufficient to constitute a cause of action" under Rule 12(b)(6), SCRCP. *See* 426 S.C. 175, 179-80, 826 S.E.2d 585, 587 (2019). Here, Lofton moved to amend her complaint pursuant to Rule 15(a) to substitute the Trust—of which Lofton was trustee—as the plaintiff. Additionally, Lofton raised the issue of a curative amendment in her response to Respondents' summary

judgment motions, at the summary judgment hearing, and in her motion to reconsider. Unlike the appellant in *Skydive*, Lofton moved to amend her complaint—and brought the pending motion to the court's attention—at the time the court heard the opposing parties' dispositive motions. *See id.* at 179, 826 S.E.2d at 587. Lofton conceded that the motion to amend was not properly before the circuit court at the time of the summary judgment hearing because she filed it immediately prior to the summary judgment hearing and had not timely served it upon the opposing parties. Nevertheless, Lofton reiterated her request to amend in her Rule 59(e) and 60(b) motions, at which time the motion to amend was ripe. This falls within the parameters of our supreme court's decision in *Skydive*.[5] Further, almost three months passed from the time the circuit court heard the summary judgment motions and issued its order granting summary judgment, during which time the circuit court failed to consider Lofton's motion to amend. Because Lofton's request to amend was properly before the circuit court at the time it ruled upon the motions for summary judgment, we conclude the circuit court erred in granting summary judgment without considering the motion. *See Patton*, 420 S.C. at 490, 804 S.E.2d at 262 ("[A] court's failure to exercise its discretion [under Rule 15(a)] is itself an abuse of discretion.").

For the foregoing reasons, we conclude the circuit court's grant of summary judgment was premature because the circuit court should have first considered Lofton's motion to amend her complaint. We reverse the circuit court's order granting summary judgment and remand this matter to the circuit court to consider Lofton's motion to amend her complaint. Accordingly, the circuit court's order granting summary judgment is

**REVERSED AND REMANDED.**

**VINSON, J., and LOCKEMY and HUFF, A.JJ., concur.**

---

[5] This would also address the preservation issues Justice Hearn raised in her dissent. *Cf. id.* at 192-94, 826 S.E.2d at 594-95 (Hearn, J., dissenting) (opining the appellant failed to preserve the issue of whether it should be able to amend its complaint when the appellant failed to request leave to amend before or during the dismissal hearing, merely included its request to amend in a cover letter to a proposed order, and failed to file a Rule 59(e) motion).